NO. 2:08-cv-07871-PSG

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| In re:<br><br>KANG JIN HWANG,<br><br>       Debtor. | District Court Case No. 2:08-cv-07871-PSG<br><br>Bankruptcy Court Case No. 2:08-bk-15337 SB<br><br><br>On Appeal From a Decision By The United States Bankruptcy Court, Central District of California, Los Angeles Division, The Honorable Samuel L. Bufford, United States Bankruptcy Judge |

## OPENING BRIEF OF APPELLANT FDIC

MALCOLM ◆ CISNEROS
WILLIAM G. MALCOLM, #129271
DON ROBINSON, #123411
KEVIN HAHN, #231579
2112 Business Center Drive, 2nd Floor
Irvine, California 92612
Telephone:  (949) 252-9400
Telecopier:  (949) 252-1032

Counsel for Appellant FDIC

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................... I

TABLE OF AUTHORITIES ............................................................... II

I. INTRODUCTION .......................................................................... 1

II. ISSUES PRESENTED ................................................................... 4

III. STATEMENT OF APPELLATE JURISDICTION ...................................... 5

IV. STANDARD OF APPELLATE REVIEW ................................................ 5

V. STATEMENT OF THE CASE ......................................................... 6

VI. STATEMENT OF THE FACTS .................................................... 9

VII. DISCUSSION ........................................................................... 14

     A. The Bankruptcy Court's Published Decisions Conflict With Each Other and Cannot Be Reconciled ......................................... 14

     B.  The Bankruptcy Court Erred As A Matter of Law In Holding That The Owner Of A Note Is The Real Party In Interest For Purposes of Fed. R. Civ. P. 17 ..................................................... 15

     C.  The Bankruptcy Court's Factual Findings Are Clearly Erroneous.................................................................................. 17

     D.  The Bankruptcy Court Erred As A Matter of Law In Holding That The Trustee Of A Securitization Trust Is the Real Party In Interest.................................................................................. 21

     E.  The Bankruptcy Court Erred As A Matter of Law In Holding That Joinder Of The Owner Of The Note Is Required by Fed. R. Civ. P. 19 ..................................................................................... 24

VIII. CONCLUSION ......................................................................... 29

I

# TABLE OF AUTHORITIES

**Cases:**

*In re Allen*, 896 F.2d 416, (9th Cir. 1990) .................................................. 5

*Allstate Ins. Co. v. Hughes,* 358 F.3d 1089, (9th Cir. 2004) ................... 15

*American Triticale, Inc. v. Nytco Services, Inc.,* 664 F .2d 1136,
(9th Cir. 1981) ....................................................................................... 15

*Bankers Trust (Delaware) v. 236 Beltway Inv.,* 865 F. Supp. 1186
(E.D. Va. 1994)....................................................................................... 3

*In re Cimarron Investors*, 848 F.2d 974, (9th Cir. 1988) ......................... 5

*Fairbanks Capital Corp. v. Nagel*, 289 A.D. 99, 735 N. Y.S.2d 13
(N.Y. App. Div. 2001) ............................................................................ 3

*General Refractories Co. v. First State Ins. Co*., 500 F. 3d 306,
(3d Cir. 2007)........................................................................................ 25

*Greer v. O'Dell,* 305 F.3d 1297, (11th Cir. 2002) .................................... 3

*In re Hayes*, 393 B.R. 259, (Bankr. D. Mass. 2008) .............................. 23

*Housing Auth. V. James,* 198 B.R. 885, (Bankr. W.D. Pa. 1996) .......... 29

*In re Huggins*, 357 B.R. 180, (Bankr. D. Mass. 2006) ............................ 3

*In re Hwang*, 393 B.R. 701,
(Bankr. C.D. Cal. 2008) ............................................. 7, 12, 13, 14, 15, 17

*In re Hwang*, 396 B.R. 757,
(Bankr. D. Cal. C. 2008)................................ 7, 8, 14, 15, 17, 19, 21, 26, 27

*Kescoli v. Babbitt*, 101 F.3d 1304, (9th Cir. 1996) ............................. 6, 24

*Kool, Mann, Coffee & Co. v. Coffey*, 300 F3.d 340, (3d Cir. 2002) ...... 20

*LaSalle Bank N.A. v. Lehman Bros. Holdings, Inc.*, 237 F.Supp.2d 618
(D. Md. 2001) ......................................................................... 21

*LaSalle Bank V. Nomura Asset Capital Corp.,* 189 F.Supp.2d 465
(S.D.N.Y. 2001) ............................................................... 21, 22

*MasterCard Int'l, Inc., v. Federation Internationale De Football Assoc.,
Inc.,* 471 F .3d 377, (2d Cir. 2006) ......................................... 28

*In re Miller*, 320 B.R. 203, (Bankr. N.D. Ala. 2005) .............................. 3

*In re Mellor*, 734 F .2d 1396, (9th Cir. 1984) ......................................... 29

*Mortgage Electronic Registration Systems, Inc. V. Revoredo*, 955 So. 2d 33,
(Fla. Ct. App. 2007) .................................................................. 4

*Northrop Corp. v. McDonnell Douglas Corp.,* 705 F .2d 1030,
(9th Cir. 1983) .......................................................................... 27

*Pac. Shores Dev., LLC v. At Home Corp.*, 392 F .3d 1064,
(9th Cir. 2004)........................................................................... 29

*Sandpiper Vill. Condo. Ass'n v. Louisiana-Pacific Corp.,* 428 F .3d 831,
(9th Cir. Or. 2005) .................................................................... 20

*Scott v. Countrywide Home Loans, Inc.,* 376 B.R. 285,
(Bankr. D. Idaho 2007) ............................................................. 3

*Scott v. Shepard Niles, Inc.*, 11 F .3d 399, (3d Cir. 1993) ..................... 27

*Sprint Communs. Co., L.P. v. APCC Servs.,__U. S.__, 128
S. Ct. 2531, 171 L.Ed.2d 424 (2008) .................................... 2, 23

*State Univ. New York-Student Loan Serv. Ctr. V. Menezes*, 352 B.R. 8,
(D. Mass. 2006) ....................................................................... 20

*In re Tainan*, 48 B.R. 250, (Bankr. E.D. Pa. 1985)................................... 3

*In re Transleisure Corp.,* 41 B.R. 201, (Bankr. E.D.N.Y. 1984) ........... 28

*In re Tucson Estates*, 912 F.2d 1162, (9th cir. 1990) ......................... 6, 20

*U-Haul Int'l v. Jartran, Inc.*, 793 F.2d 1034, (9th Cir. 1986) ................ 15

*United States v. Bowen*, 172 F.3d 682, (9th Cir. 1999) ...................... 6, 24

*United States v. Sutton*, 786 F.2d 1305, (5ht Cir. 1986) ....................... 29

*In re Van De Kamp's Dutch Bakeries*, 908 F.2d 517,
(9th Cir. 1990) ....................................................................... 6, 20

*In re Woodberry*, 383 B.R. 373, (Bankr. D. S.C. 2008) ......................... 14

**Federal Rules:**

Fed. R.Civ. P. 17 ................................................................. 4, 21

Fed. R.Civ. P. 17(a) ................................................................. 22

Fed. R. Civ. P. 19.................................................. 8, 21, 24, 26, 27, 28

Fed. R. Civ. P. 19(a) ................................................................. 26

Fed. R. Civ. P. 19(a)(1) ............................................................. 25

Fed. R. Civ. P. 19(a)(1)(A) ..................................................... 24, 25

Fed. R. Civ. P. 19(a)(1)(B)(i) ................................................. 4, 27, 28

Fed. R. Civ. P. 19(a)(1)(B)(ii) ...................................................... 25

Fed. R. Civ. P. 19(a)(2) ............................................................. 28

Fed. R. Civ. P. 19(a)(2)(i) ..................................................... 27, 28

Fed. R. Civ. P. 19(b) ............................................................. 8, 27

Fed. R. Civ. P. 19(c) ................................................................. 8

Fed. R. Bankr. 7019 ................................................................. 8

**United States Code:**

11 U.S.C.  § 362(a) ................................................................... 29

11 U.S.C.  § 362(d)(2)(A)(B) ................................................. 11

11 U.S.C.  § 362(d)(2)(B) ........................................................ 29

11 U.S.C.  § 704 ....................................................................... 11

28 U.S.C.  § 158(d) ................................................................... 5

28 U.S.C.  § 158(a) ................................................................... 5

**Legislative Materials and Books:**

6 Am. Jur. 2d, Assignments § 184, pp. 262-263 (1999) ....................... 23

6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and
Procedure* § 1543 (2d ed. 1990) .............................................. 23

California Commercial Code §§ 1201(b)(21) .................................. 15, 16

California Commercial Code §§ 3203(b) ......................................... 15, 16

California Commercial Code §§ 3203(d) .............................................. 26

California Commercial Code §§ 3301 .................................. 15, 16, 17, 26

California Commercial Code §§ 3602 .................................................... 26

Clark & Hutchins, *The Real Party in Interest*, 34 Yale L.J. 1, 259
(1925) ............................................................................................. 2

*The Real Party In Interest Rule Revitalized: Recognizing Defendant's
Interest In Determinations of Proper Parties Plaintiff*, 55 Cal. L. Rev. 1452
(1967) .............................................................................................. 2

v

## I.   **INTRODUCTION**

This is an appeal from an order denying a motion for relief from the automatic stay to allow IndyMac to foreclose on real property[1].  Although the Debtor lacked equity in the property and neither the Debtor nor the Trustee opposed the motion for relief from stay, the bankruptcy court ordered IndyMac to provide live testimony, which required IndyMac's vice president to travel from Austin, Texas to Los Angeles; required production of the original promissory note, which IndyMac produced; held four hearings; and published an opinion more than two weeks before the final hearing only to completely change its reasoning in a subsequent opinion published after the final hearing, making it appear that the court was intent on reaching a particular result regardless of the rationale.

In its first opinion, the bankruptcy court held that only the holder of a note qualifies as the real party in interest to file and prosecute a motion for relief from stay.  The bankruptcy court denied IndyMac's motion for relief from stay simply because it erroneously concluded that IndyMac was not the note holder. After IndyMac filed a supplemental brief, the bankruptcy court issued a second opinion conceding that IndyMac was the note holder but reversed itself by holding

---

[1] On July 11, 2008 the Office of Thrift Supervision closed IndyMac Bank, F.S.B. and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver. IndyMac Bank FSB was then chartered. Subsequently IndyMac Federal went into conservatorship and the FDIC was appointed as conservator.

that it is not the note holder who is the real party in interest after all but rather the owner of the beneficial interest in the note.

The bankruptcy court's second opinion conflicts not only with its first opinion but with California law, which grants the right to enforce an instrument to the note holder and denies that right to the owner, with certain inapplicable exceptions, unless and until the owner obtains possession of the instrument. The second opinion also conflicts with decisions by the United States Supreme Court, the Eleventh Circuit Court of Appeals, and the weight of authority.

As the Supreme Court recently noted in holding that the assignee of a legal claim for money has standing to pursue that claim in federal court even if the assignee lacks any beneficial interest in the claim, "'[a] majority of courts has held that an assignee for collection only is a real party in interest' entitled to bring suit." *Sprint Communs. Co., L.P. v. APCC Servs.*, __ U.S. __, 128 S. Ct. 2531, 2540, 171 L.Ed.2d 424, 431 (2008) [quoting Comment, The Real Party In Interest Rule Revitalized: Recognizing Defendant's Interest In Determinations of Proper Parties Plaintiff, 55 Cal. L. Rev. 1452, 1457 (1967)]. "'[M]any, probably most American jurisdictions' have held that 'an assignee who has no beneficial interest, like an assignee for collection only, may prosecute an action in his own name' ...." *Id.* at 2540 [quoting Clark & Hutchins, The Real Party in Interest, 34 Yale L. J. 1, 259, 264-265 (1925)].

The bankruptcy court decision also conflicts with *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002), in which the Eleventh Circuit Court of Appeals held that "a loan servicer is a 'real party in interest' with standing to conduct, through licensed counsel, the legal affairs of the investor relating to the debt that it services." See also *Bankers Trust (Delaware) v. 236 Beltway Inv.*, 865 F. Supp. 1186, 1191 (E.D. Va. 1994) (both lender and servicer have standing to foreclose even if servicer is not the holder of the mortgage); *In re Miller*, 320 B.R. 203, 206 (Bankr. N.D. Ala. 2005) (servicer permitted to litigate motion for relief from stay); *In re Tainan*, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) (mortgage servicer a party in interest in a relief from stay proceeding); *Fairbanks Capital Corp. v. Nagel*, 289 A.D. 99, 100, 735 N.Y.S.2d 13 (N.Y. App. Div. 2001) (holding that loan servicer had standing to maintain foreclosure action based on the beneficial owner's "delegation of authority over the subject mortgage").

Moreover, the bankruptcy court's decision is impossible to reconcile with the holding of a majority of courts to consider the issue that Mortgage Electronic Registration Systems, Inc., which owns no beneficial interest in any of the 40 million mortgages it holds, has standing to seek foreclosure or relief from stay in its own name. See, e.g., *Scott v. Countrywide Home Loans, Inc.*, 376 B.R. 285, 290-291 (Bankr. D. Idaho 2007) ("MERS holds legal title as mortgagee of record to over 40 million mortgages"); *In re Huggins*, 357 B.R. 180, 184 (Bankr.

3

D. Mass. 2006) (overruling Debtor's objection to Mortgage Electronic Registration Systems, Inc.'s standing to seek relief from stay); *Mortgage Electronic Registration Systems, Inc. v. Revoredo*, 955 So. 2d 33, 34 (Fla. Ct. App. 2007) (holding that Mortgage Electronic Registration Systems, Inc. has standing to maintain mortgage foreclosure proceedings).

## II.   ISSUES PRESENTED

1.   Whether the bankruptcy court's ruling that IndyMac is not the real party in interest pursuant to Rule 17 of the Federal Rules of Civil Procedure is incorrect as a matter of law and impossible to reconcile with its holding that "an action [must] be prosecuted in the name of the note holder, who is the real party in interest," and its finding that IndyMac is the note holder.

2.   Whether the bankruptcy court erred as a matter of law in holding that joinder of the owner of the note is required by Rule 19(a)(1)(B)(i), in that granting the motion for relief from stay will not impair or impede the owner's ability to protect its interest outside the bankruptcy court.

3.   Whether the bankruptcy court erred as a matter of law in holding that joinder of the owner of the beneficial interest in the note is required by Rule 19(a)(1)(B)(i), in that neither the owner nor any other absent party has claimed a legally protected interest relating to the subject matter of the motion for relief from stay.

4.     Whether the bankruptcy court's holding that the trustee of a securitization trust, rather than the holder of the note, is the real party in interest is incorrect as a matter of law and based upon a clearly erroneous factual finding that the loan had been securitized, which is devoid of evidentiary support in the record and based upon sheer speculation.

5.     Whether the bankruptcy court's factual findings that the note had been securitized and sold to investors, that IndyMac did not know who owned the note, that IndyMac did not contend that it held the note as an agent of Freddie Mac, and that IndyMac was not the duly authorized servicing agent for the owner are unsupported by or flatly contradicted by the record.

## III.     STATEMENT OF APPELLATE JURISDICTION

An order granting or denying relief from the automatic stay is a final order. *In re Cimarron Investors*, 848 F.2d 974, 975 (9th Cir. 1988) ("This court's jurisdiction flows from 28 U.S.C. § 158(d) because a grant or denial of a motion for relief from an automatic stay is considered a final order.").   Bankruptcy court orders that are final for the purposes of review by the Court of Appeals are also final for the purposes of District Court review under § 158(a).   *In re Allen*, 896 F.2d 416, 418 (9th Cir. 1990).

## IV.     STANDARD OF APPELLATE REVIEW

On appeal, a district court must review a bankruptcy court's findings

of fact under the clearly erroneous standard, and its conclusions of law de novo. *In re Van De Kamp's Dutch Bakeries*, 908 F.2d 517, 518 (9th Cir. 1990); *In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990).   Generally, an appellate court reviews a lower court's decision regarding joinder for abuse of discretion. See *Kescoli v. Babbitt*, 101 F.3d 1304, 1309 (9th Cir. 1996).   If the lower court's decision that an absent party's interest would be impaired involves a legal conclusion, however, the reviewing court reviews that conclusion de novo.   *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999) (citing *Kescoli*).

## V.    STATEMENT OF THE CASE

This is an appeal from an order denying a motion for relief from stay entered by the bankruptcy court for the Central District of California.

Kang Jin Hwang ("Hwang" or "Debtor") filed a voluntary Chapter 7 petition on April 22, 2008.   Appellant FDIC's Appendix and Excerpts of Record ("Appendix"), Exh. 2, p.  8.   Sam S. Leslie ("Leslie") was appointed as Chapter 7 Trustee.   *Id.*, Exh. 1, p. 1.   On May 23, 2008, IndyMac Bank, F.S.B. filed the motion for relief from stay that is the subject of this appeal.   Appendix, Exh. 3, p. 8.   The bankruptcy court held hearings on the relief from stay motion on June 24 and July 15, 2008.

The bankruptcy court held that the Real Party In Interest rule required the holder of the note to bring a motion for relief from stay and found that Freddie

6

Mac rather than IndyMac was the "real holder." *In re Hwang*, 393 B.R. 701, 707 (Bankr. C.D. Cal. 2008).[2]  The bankruptcy court continued the hearing to August 26, 2008 to provide "IndyMac a reasonable time for the real party in interest to ratify, join, or be substituted into the motion." *Hwang I, supra*, 393 B.R. at 712.

The bankruptcy court held the continued hearing on August 26, 2008. The bankruptcy court again continued the hearing to September 23, 2008. On September 4, 2008, more than two weeks before the continued hearing and prior to the entry of an order denying IndyMac's motion for relief from stay, the bankruptcy court issued *Hwang I*, the first of two published decisions.

In response to the factual findings and legal conclusions in *Hwang I*, IndyMac filed a Second Supplemental Memorandum of Points and Authorities pointing out the distinction between the "owner" and "holder" of a note and arguing that IndyMac was the holder of the Note when it filed the motion, notwithstanding Freddie Mac had earlier purchased the loan.  In its Amended Opinion reported at 396 B.R. 757 (Bankr. C.D. Cal. 2008) ("*Hwang II*"), the bankruptcy court agreed.  The bankruptcy court found:

> IndyMac Federal is entitled to enforce the Note under California law (and the Uniform Commercial Code ("UCC"): IndyMac Federal remains the holder of the note, notwithstanding the sale, because it has

---

[2] The decision is referred to as "*Hwang I*" to distinguish it from the bankruptcy court's subsequent decision *In re Hwang*, 396 B.R. B.R. 757 (Bankr. D. Cal. C. 2008), which will be referred to as "*Hwang II*."

possession of the note and the note is payable to its predecessor IndyMac Bank, F.S.B. ('IndyMac Bank').

*Hwang II, supra*, 396 B.R. at 760.

Rather than granting the motion for relief from stay, however, the bankruptcy court declared: "IndyMac's substantive right to enforce the note, as the holder, does not dispose of the motion before the court." *Hwang II, supra*, 396 B.R. at 766. "[T]he real party in interest rule and the required joinder rule, each requires IndyMac to join the present owner of the note in this motion for relief from stay, which it has refused to do." *Id.* at 762. The court again continued the hearing.

On October 10, 2008, the bankruptcy court entered an Order to IndyMac Federal Bank Pursuant to Rule 19. Appendix, Exh. 16, p. 71. In the Order, the court directed that Bankruptcy Rule 7019 applied to the Motion for Relief from Stay and ordered "the undisclosed owner of the note here at issue to be joined as a party to the motion." *Id.* IndyMac was ordered to comply with Rule 19(c) by stating the name of the owner and the reasons for not previously joining that person. *Id.*, p. 72. If the owner of the note could not be joined, IndyMac was required to file a brief addressing the issue of whether, pursuant to Rule 19(b), "the matter should be proceed (sic) among the existing parties or should be dismissed." *Id.*

8

On October 20, 2008, IndyMac filed a response to the Order. Appendix, Exh. 17, p. 74. In the response, IndyMac noted that it is the holder of the note with the authority to enforce the obligations secured by the deed of trust, the loan servicer, and the real party in interest entitled to bring suit in its own name even if it lacks a beneficial interest in the loan. In order to vindicate the right of a note holder and loan servicer to seek relief from stay without joining the beneficial owner of the note, IndyMac requested the Court to enter a final order on the motion for relief from stay without further delay in order to allow IndyMac to appeal. *Id.,* pp. 74-75.

The bankruptcy court entered the order denying the motion for relief from stay on November 5, 2008. Appendix, Exh. 19, p. 91. IndyMac filed a timely appeal on November 14, 2008 and an objection to referral of the appeal to the Bankruptcy Appellate Panel. *Id.,* Exhs. 20-21, pp. 95-104.

## VI.   STATEMENT OF FACTS

On January 25, 2007, Hwang executed an Adjustable Rate Note ("Note") payable to Mortgageit, Inc. ("Mortgageit") for $376,000. Appendix, Exh. 3, p. 20-16. Mortgageit indorsed the Note to IndyMac Bank, F.S.B. by affixing a stamp that provided: "Pay to the order of: IndyMac Bank, F.S.B., Without Recourse, Mortgageit, Inc." The indorsement was signed by Mortgageit's Assistant Secretary. *Id.,* Exh. 3, p. 20-19.

9

The Note was secured by a Deed of Trust that identified Hwang as the borrower, Mortgageit, Inc. as the lender, and Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for the lender, as the beneficiary. Appendix, Exh. 3, pp. 20-1-20-2. The Deed of Trust encumbered real property located at 501 Delamere Way, Las Vegas, Nevada 89123 (the "Property"). *Id.*, Exh. 3, p. 20-3. On January 28, 2008, MERS assigned the Deed of Trust "TOGETHER with the note or notes therein described and secured thereby" to IndyMac Bank, FSB. *Id.*, Exh. 3, pp. 20-22-20-23. The assignment was recorded with the Office of the Clark county Recorder on May 6, 2008. *Id.*

Hwang made his last payment on the Note on June 25, 2007 and then defaulted. Appendix, Exh. 3, p. 17. A Notice of Default was recorded on December 5, 2007. *Id.* A Notice of Sale was recorded on March 6, 2008. *Id.*

On April 22, 2008, Hwang filed the above-captioned Chapter 7 bankruptcy case automatically staying the sale. Appendix, Exhs. 1-2. Hwang listed IndyMac Bank, F.S.B. as a secured creditor holding a first mortgage on the Property securing a claim that the Debtor estimated at $375,762. *Id.*, Exh. 3, p. 20-25. Hwang did not check the box that would have indicated that the claim was disputed. *Id.* Hwang's schedules show that as of the filing date the Property was worth $358,000 and encumbered by liens totaling $477,921. **Id.**, Exh. 3, p. 20-24.

The Debtor filed a Chapter 7 Individual Debtor's Statement of Intention indicating that he intended to *surrender* the Property to IndyMac. *Id.*, Exh. 3, p 20-26.

On May 23, 2008, IndyMac Bank, F.S.B. filed the present motion for relief from stay on the grounds that the Debtor lacked equity in the property, which was not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2)(A), (B). Appendix, Exh. 3. Neither Hwang nor the Chapter 7 Trustee, opposed the motion, appeared at any of the hearings, or disputed IndyMac's claim.

On June 5, 2008, Leslie issued a Trustee's Report of No Assets certifying that he had performed the duties required of him under 11 U.S.C. § 704, concluding that there were no assets to administer for the benefit of creditors of the estate, and asking to be discharged from office. Appendix, Exh. 1, p. 3, #11.

The bankruptcy court issued an order requiring IndyMac to bring to court each declarant for whom a declaration had been submitted in support of its motion. Appendix, Exh. 12, p. 50. In addition, the bankruptcy court required IndyMac Bank, F.S.B. to bring the original promissory note to court for inspection. The bankruptcy court reportedly imposed this requirement in January of 2008 on all parties seeking relief from stay because "developments in the secondary market for mortgages (and other security interests) have caused the court to lack confidence that presenting a copy of a promissory note is sufficient to show that a

movant has the right to enforce the note, or that it otherwise qualifies as a real party in interest." *Hwang I, supra*, 393 B.R. at 704-705.

The Office of Thrift Supervision closed IndyMac Bank, F.S.B. on July 11, 2008 and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for the bank. Appendix, Exh. 7-8, pp. 31-32, 36. On the same date, a new institution, IndyMac Federal Bank, F.S.B. ("IndyMac Federal") was chartered and all the insured deposits and substantially all of the assets of the receiver were transferred to IndyMac Federal. *Id.* IndyMac Federal was then placed into conservatorship and the FDIC was appointed as conservator. *Id.*

At a hearing on July 15, 2008, Erica Johnson-Seck, Vice President of the bankruptcy and foreclosure departments of IndyMac Federal (who served in the same capacity at IndyMac Bank, F.S.B.), testified as to the accuracy of the bank's payment records and presented the original promissory note to the Court for inspection. *Hwang I, supra*, 393 B.R. at 705; Appendix, Exh. 22.

After hearing testimony that IndyMac Federal possessed the note, that the deed of trust had been assigned to IndyMac Bank, IndyMac Federal's predecessor in interest, that the assignment had been recorded, that IndyMac Federal remained the note holder even though it had sold the loan to the Federal Home Loan Mortgage Corporation ("Freddie Mac") and serviced the loan on Freddie Mac's behalf, the bankruptcy court continued the hearing to August 26,

2008 to provide IndyMac "a reasonable time for the real party in interest to ratify, join, or be substituted into the motion." *Hwang I, supra*, 393 B.R. at 712.

On August 22, 2008, IndyMac Federal filed a Notice of Substitution that provided that "FDIC as Conservator for IndyMac Federal Bank, F.S.B." was being substituted as the Movant in the motion for relief from stay. Appendix 7, p. 31. On the same day, the Conservator filed a Supplemental Memorandum of Points and Authorities asserting that IndyMac Federal had standing as the note holder and loan-servicer to file the motion for relief from stay and was the real party in interest.[3] *Id.*, Exh. 8, p. 35 et seq.

The bankruptcy court held the continued hearing on August 26, 2008. The Court rejected the argument that IndyMac was the real party in interest and again continued the hearing to September 23, 2008. Appendix, Exh. 1, p. 4, #23; Exh. 23, p. 130. The Court refused to grant the motion at the continued hearing and again continued it.

On November 5, 2008, the Bankruptcy court entered the order denying the motion for relief from stay that is the subject of this appeal. Appendix, Exh. 19, p. 91.

---

[3] Since there is no real distinction between IndyMac Bank, F.S.B., IndyMac Federal, and FDIC as Conservator for IndyMac Federal for purposes of this appeal, all three entities will be referred to as "IndyMac" from this point forward.

## VII.  **DISCUSSION**

### A. The Bankruptcy Court's Published Decisions Conflict With Each Other And Cannot Be Reconciled.

In *Hwang I,* the Court held that the "real party in interest is 'the person who, according to the governing substantive law, is entitled to enforce the right.'" *Hwang I*, supra, 393 B.R. at 706 .

According to the bankruptcy court:

> The only person entitled to enforce a note (with minor exceptions not relevant to this case) is the 'holder' of the note.  See CCC § 3-301(a).  Thus, the real party in interest rule requires the holder of the Note to bring the motion for relief stay."

*Hwang I*, supra, 393 B.R. at 707.

The court cited *In re Woodberry*, 383 B.R. 373 (Bankr. D. S.C. 2008) as a decision in which the court "reached the right conclusion in holding that a loan servicer who was also the holder of the Note was the real party in interest to move for relief from stay."  *Hwang I, supra*, 393 B.R. at 711 n. 9.   However, the bankruptcy court refused to grant relief from stay despite IndyMac's showing that it was the holder of the Note.

The bankruptcy court reversed itself in its amended opinion in *Hwang II*.  The court conceded "notwithstanding the sale of the Note, IndyMac remains the holder of the note and is entitled to enforce it."  *Hwang II, supra*, 396 B.R. at 765.  Despite its previous ruling that the holder of the note is the real party in

14

interest, however, the Court denied the motion for relief from stay on two different grounds: " IndyMac … is not the real party in interest pursuant to Rule 17 of the Federal Rules of Civil Procedure, and the joinder of the owner of the note is required by Rule 19." *Hwang II, supra*, 396 B.R. at 760.

The ruling in *Hwang II* that IndyMac, the note holder, is not the real party in interest is flatly inconsistent with the bankruptcy court's holding in *Hwang I* that the holder of the note is the real party in interest.

**B. The Bankruptcy Court Erred As A Matter of Law In Holding That The Owner Of A Note Is The Real Party In Interest For Purposes Of Fed. R. Civ. P. 17**

As the bankruptcy court correctly noted in his original opinion:

> Under Ninth Circuit law, the real party in interest is the party with the right to sue or enforce a claim under the applicable substantive law. See, e.g., *U-Haul Int'l v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986); *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir. 2004); *American Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981)."

*Hwang I, supra*, 393 B.R. at 706.

According to the Ninth Circuit Court of Appeals, Fed. R. Civ. P. 17 "allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action." *U-Haul Int'l v. Jartran, Inc., supra*, 793 F.2d at 1038. In the present case, the relevant substantive law is California Commercial Code §§ 1201(b)(21), 3203(b), and 3301.

Commercial Code § 1201(b)(21) defines "holder" with respect to negotiable instruments as "the person in possession of a negotiable instrument that is payable either to bearer or, to an identified person that is the person in possession …." In this case, the note was originally payable to Mortgageit, Inc., which indorsed the note: "Pay to the Order of IndyMac Bank, F.S.B., Without Recourse, Mortgageit, Inc."   Consequently, IndyMac is the identified person to whom the note is payable.   Moreover, IndyMac was in possession of the note and its corporate officer witness exhibited the original note to the Court. IndyMac was, therefore, the "holder" of the note and entitled to enforce the note under California law.

California Commercial Code § 3203(b) provides that "[t]ransfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument …."

Commercial Code § 3301 defines a "Person entitled to enforce" an instrument as "(a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 or subdivision (d) of Section 3418."   This code section expressly provides that a "person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."

16

As the bankruptcy court conceded, "no successor to IndyMac presently has the right to enforce the note, because IndyMac has possession of the note." *Hwang II*, *supra*, 396 B.R. at 765.   As such, the owner of the beneficial interest in the note is not the party with the right to sue or enforce a claim under the applicable substantive law and cannot qualify as the real party in interest.

As the bankruptcy court stated in both its original and amended opinions, "an action [must] be prosecuted in the name of the noteholder, who is the real party in interest." *Hwang I*, *supra*, 393 B.R. at 710; *Hwang II*, *supra*, 396 B.R. 767.  Having found that IndyMac is the note holder and ruled that the note holder is the real party in interest, the Court's statement that "absent joinder or ratification, the noteholder must substitute into the servicer's place, and prosecute the motion on its own" is nonsensical.  If the "noteholder" referred to in the quoted language is IndyMac, as the Court had already ruled, then the real party in interest was already before the Court.   However, if the "noteholder" the Court was referring to is Freddie Mac, then the Court is ignoring its own findings that IndyMac is the noteholder and misinterpreting California law.

## C.   **The Bankruptcy Court's Factual Findings Are Clearly Erroneous**

At the hearing on July 15, 2008, the Court elicited the following testimony from Ms. Erica Johnson-Seck, IndyMac's Vice President of Bankruptcy and Foreclosure:

THE COURT:    Ma'am, you made reference to investors.    Are there any investors involved in this loan?

THE WITNESS:   Freddie Mac.

THE COURT:    And what is its role?

THE WITNESS:   It — IndyMac Bank sold the loan to Freddie Mac and services the loan for Freddie Mac.

THE COURT:    So IndyMac is no longer the owner of the loan?

THE WITNESS:   No.

THE COURT:    Looks like you've got something to clarify here, counsel.

BY MR. HAHN:  Q.    Technically, is IndyMac the holder of the note?

            A.    Yes.

            Q.    Is IndyMac authorized to act on behalf of Freddie Mac's behalf?

            A.    Yes.

Appendix, Exh. 22, pp. 122-123.

THE COURT:  We need some more clarification, counsel.  I heard testimony this note no longer belongs to IndyMac but is sold to — was sold to Freddie Mac.  In which case, we seem to have the wrong moving party here.

MR. HAHN:    Well, your honor, as the witness has stated, Freddie Mac is not authorized to —

THE COURT:  That's its problem.  It doesn't mean a stranger can come instead and act on its behalf.

18

> MR. HAHN:      Well, IndyMac is the servicer on the note and it's
> servicer for Freddie Mac on this note.

Appendix, Exh. 22, p. 123-124.

Based upon this testimony, the bankruptcy court made a number of findings that are either sheer speculation or unsupported if not flatly contradicted by the record. The bankruptcy court erroneously found that Freddie Mac "most likely" sold the note to unknown third parties for securitization; that IndyMac sold the note to unidentified investors through Freddie Mac; that Johnson-Seck testified that IndyMac had sold the note to investors through Freddie Mac; that Johnson-Seck testified she did not know who owns the note; and IndyMac does not contend that it holds the note as an agent on behalf of Freddie Mac. *Hwang II, supra*, 396 B.R. at 760-761, 764.   In addition, the bankruptcy court stated it did not believe Johnson-Seck's testimony that IndyMac brought the motion as "the duly authorized servicing agent for the new owner …." Id. at 761-762.

The transcript shows that Johnson-Seck was not asked and did not testify that Freddie Mac securitized the loan and sold it to unidentified investors, nor was there any evidence offered upon which the Court could have based this conclusion. Appendix, Exh. 22. Johnson-Seck did not testify that IndyMac sold the note to unknown investors through Freddie Mac. Likewise, she never testified that she lacked knowledge of who owned the note at the present time. *Id.* She did testify that IndyMac is the note holder, services the loan for Freddie Mac, and is

authorized to act on Freddie Mac's behalf, which conflicts with the bankruptcy court's finding that IndyMac does not contend it holds the note as an agent on behalf of Freddie Mac. *Id.*, Exh. 22, p. 122,123.

On appeal, a District Court must review a bankruptcy court's findings of fact under the clearly erroneous standard, and its conclusions of law de novo. *In re Van De Kamp's Dutch Bakeries, supra*, 908 F.2d at 518; *In re Tucson Estates, supra*, 912 F.2d at 1166. A reviewing Court does not owe deference to factual findings based upon a lower's court speculation, however, especially when the lower court fails to connect this speculation to the evidence before it. *Sandpiper Vill. Condo. Ass'n v. Louisiana-Pacific Corp.*, 428 F.3d 831, 846 n. 23 (9th Cir. Or. 2005). See also *State Univ. New York-Student Loan Serv. Ctr. v. Menezes*, 352 B.R. 8, 15-16 (D. Mass. 2006) (bankruptcy court's findings of fact were clearly erroneous when based upon mere speculation).

A finding of fact is clearly erroneous when it has no credible evidence to support it or when it has no rational relationship to the evidence. *Kool, Mann, Coffee & Co. v. Coffey,* 300 F.3d 340, 353 (3d Cir. 2002). Here, there is no credible evidence to support the bankruptcy court's findings that Freddie Mac sold the note to unknown third parties for securitization, that IndyMac sold the note "to investors through Freddie Mac," that Ms. Johnson-Seck testified she did not know

who owned the note, and that IndyMac does not contend it holds the note as an agent on behalf of Freddie Mac.

**D.  The Bankruptcy Court Erred As A Matter of Law In Holding That The Trustee Of A Securitization Trust Is The Real Party In Interest**

According to the bankruptcy court, "[i]f a loan has been securitized, the real party in interest is the trustee of the securitization trust, not the servicing agent.  This rule does not turn on who is in possession of the note." *Hwang II*, *supra*, 396 B.R. at 766.  This holding is misleading to the extent that it suggests that IndyMac asserts standing as the real party in interest solely as a loan servicer rather than the note holder and incorrect as a matter of law to the extent it suggests that the owner rather than the holder of a note qualifies as the real party in interest. As the holder of the note, IndyMac is the real party in interest regardless of whether the note is owned by Freddie Mac or has been securitized and sold to unknown investors.

The bankruptcy court's holding that the trustee of a securitization trust is the real party in interest and must be joined pursuant to Fed. R. Civ. P. 17 and 19 is based upon a misreading of the holdings in *LaSalle Bank v. Nomura Asset Capital Corp.*, 180 F.Supp.2d 465 (S.D.N.Y. 2001) ("*LaSalle-Nomura*") and *LaSalle Bank N.A. v. Lehman Bros. Holdings, Inc.*, 237 F.Supp.2d 618 (D. Md. 2001) (*LaSalle-Lehman*), and is incorrect as a matter of law.

In *LaSalle-Nomura*, the District Court found that LaSalle Bank, as trustee of a securitized mortgage pool, was the *holder* rather than the owner of a note actually owned by investors, who held fractional beneficial interests in the mortgage pool. As the Court noted, LaSalle Bank, the trustee, "remains the holder of legal title to the mortgage package transferred pursuant to the PSA, including the hospital loan that is the subject of this dispute. Lend Lease [the servicer] has no title or other ownership interest in these mortgages ...." *LaSalle-Nomura, supra*, 180 F.Supp.2d at 470. In the present case, in contrast, IndyMac rather than a hypothetical trustee of a securitization trust is the holder of the note, and the record beneficiary of the deed of trust. Thus, *LaSalle-Nomura* actually supports IndyMac's position that it is the real party in interest. In *LaSalle-Lehman*, the parties expressly agreed that the loan servicer was entitled to bring the action. *LaSalle-Lehman, supra*, 237 F.Supp.2d at 632. The District Court simply held the fact "that [the servicer] and LaSalle Bank each have the authority to institute suit does not negate the right of LaSalle Bank to so act." *Id.* at 633.

Neither *LaSalle-Nomura* nor *LaSalle-Lehman* stands for the proposition that owners rather than note holders are real parties in interest. The fact that the trustee in those cases and IndyMac in this case do not own the beneficial interest in the notes and mortgages is irrelevant. Rule 17(a) does not require that suit "be brought in the name of the person who ultimately will benefit

22

from the recovery." 6A Charles Alan Wright & Arthur R. Miller, Federal Practice

and Procedure § 1543 (2d ed. 1990). [4]

As the Supreme Court recently noted:

> [T]here is also considerable ... authority showing that an assignee for collection may properly sue on the assigned claim in federal court. See, e.g., 6A Wright & Miller § 1545, at 346-348 (noting that an assignee with legal title is considered to be a real party in interest and that as a result "federal courts have held that an assignee for purposes of collection who holds legal title to the debt according to the governing substantive law is the real party in interest even though the assignee must account to the assignor for whatever is recovered in the action"); 6 Am. Jur. 2d, Assignments § 184, pp. 262-263 (1999) ["An assignee for collection or security only is within the meaning of the real party in interest statutes and *entitled to sue in his or her own name* on an assigned account or chose in action, although he or she must account to the assignor for the proceeds of the action, even when the assignment is without consideration" (footnote omitted)].

*Sprint Communs. Co., L.P. v. APCC Servs.*, *supra*, 128 S. Ct. at 2541 (emphasis added).

The bankruptcy court's statement that the real party in interest is the trustee of the securitization trust when a loan has been securitized also conflicts with *In re Hayes*, 393 B.R. 259 (Bankr. D. Mass. 2008), a decision issued two weeks before *Hwang I*. In *Hayes*, the bankruptcy court for the District of

---

[4] The Bankruptcy Court's contention that "Counsel for IndyMac has failed even to mention either *LaSalle* case in any of the three briefs that it has filed in this matter, and has thus forfeited the right to attempt to distinguish them" ignores the fact that there was no evidence that Freddie Mac securitized the loan and sold it to investors and therefore no reason to believe that the Court would speculate that this occurred, find these cases relevant, and misinterpret them.

Massachusetts held that Deutsche Bank, the trustee of a fund composed of mortgage-backed securities, lacked standing to obtain relief from stay because it could not prove that the mortgage at issue had ever been assigned to the trust fund. *Id.* at 268.

Thus, even if the finding that that Hwang's note and deed of trust had been "securitized" and sold to investors were not clearly erroneous, the trustee of the securitization trust would not qualify as the real party in interest because IndyMac, the note holder and assignee of the deed of trust, has not assigned Hwang's note and deed of trust to the securitization trust.

### E.   The Bankruptcy court Erred As A Matter of Law In Holding That Joinder Of The Owner Of The Note Is Required by Fed. R. Civ. P. 19

An appellate court generally reviews a lower court's decision regarding joinder for abuse of discretion. *Kescoli v. Babbitt, supra*, 101 F.3d at 1309.   If the lower court's decision that an absent party's interest would be impaired involves a legal conclusion, however, the reviewing court reviews that conclusion *de novo*. *United States v. Bowen, supra*, 172 F.3d at 688 (citing *Kescoli*).   In the present case, the Court abused its discretion and erred as a matter of law in determining that Rule 19 requires joinder of the owner of the Note.

It is important to note that the bankruptcy court did not rule that joinder of the beneficial owner of the Note is necessary under Rule 19(a)(1)(A)

because "in that person's absence, the court cannot accord complete relief among existing parties" or under 19(a)(1)(B)(ii) to protect the Debtor from a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." In fact, the Bankruptcy court could have afforded complete relief to the parties by granting relief from stay and there is no risk that the Debtor will incur inconsistent obligations.

As the Third Circuit Court of Appeal noted in discussing Rule 19(a)(1)(A):

> Under [that rule], we ask whether complete relief may be accorded to those persons named as parties to the action in the absence of any unjoined parties. As should be apparent, we necessarily limit our Rule 19(a)(1) inquiry to whether the district court can grant complete relief to persons already named as parties to the action; what affect a decision may have on absent parties is immaterial.

*General Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 313 (3d Cir. 2007) (citations omitted).

In the present case, only IndyMac sought relief in the form of relief from the automatic stay. Neither the Trustee nor the Debtor opposed that relief. The bankruptcy court could have afforded the named parties complete relief by granting the motion for relief from stay. There was no risk that the Debtor would be liable for multiple or inconsistent obligations if the Court had granted relief from stay since only IndyMac has the right to enforce the note under California

Commercial Code § 3301 and the "cause of action on an instrument cannot be split." Official Comment, Cal. Commercial Code § 3203(d).

As the Bankruptcy court recognized:

> The debtor is not at risk in making payments on the note to IndyMac instead of the owner of the note. CComC § 3602 (UCC § 3-602) provides that any payment to a "person entitled to enforce the instrument" must be credited against the note, even if the debtor knows that a different party is claiming ownership of or an interest in the note.

*Hwang II*, *supra*, 396 B.R. at 766.

Moreover, the issue of joinder arose in the context of a motion for relief from the automatic stay to conduct a foreclosure sale upon residential real property. IndyMac was not asking the bankruptcy court to enter a personal judgment against the Debtor.

According to the Bankruptcy court, "it is the (b)(i) alternative that applies in this case" in that "[p]roceeding with relief from stay without the joinder of the owner of the note makes it impossible (and impractical) to protect the interest of the real owner with respect to the note here at issue." *Hwang II*, *supra*, 396 B.R. at 771. Rule 19 has no section (b)(i) and it appears the court meant to refer to Rule 19(a)(1)(B)(i) rather than 19(b)(i) since "a holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a … court's discretionary determination under Rule 19(b) …." *Scott v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1993).

The Court reasoned that Rule 19(a)(1)(B)(i) applied based upon speculation that granting relief from stay to IndyMac may make it impossible to protect the interest of the real owner "given that the FDIC has taken over IndyMac, and the real owner may be reduced to making a claim in the IndyMac receivership instead of collecting on the note." *Hwang II, supra*, 396 B.R. at 771.

Rule 19(a)(1)(B)(i) defines a "required party" as a "person [who] claims an interest relating to the subject of the action …." Joinder is "contingent … upon an initial requirement that that the absent party claim a legally protected interest relating to the subject matter of the action." *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983). The owner of the Note has not done so here despite the fact that the Debtor defaulted more than a year ago, the motion for relief from stay was filed on May 23, 2008, and the bankruptcy court has issued two published decisions in the case. More importantly, the beneficial owner of the Note would not qualify as a necessary party even if it claimed an interest relating to the subject of action because the speculative harm that the Court posits is unrelated to the motion for relief from stay.

As the Second Circuit Court of Appeals has explained in discussing Rule 19(a)(2)(i), the previous version of Rule 19(a)(1)(B)(i):

> It is not enough under Rule 19(a)(2)(i) for a third party to have an interest, even a very strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation. Rather, necessary parties under Rule 19(a)(2)(i) are only

those parties whose ability to protect their interests would be impaired because of that party's absence from the litigation. See Fed. R. Civ. P. 19(a)(2) [defining necessary party as one with an "interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may. . . as a practical matter impair or impede the person's ability to protect that interest" (emphasis added)]. Thus, while Visa may have an interest that would be impaired by the outcome of this litigation, Visa still does not qualify as a necessary party under Rule 19(a)(2)(i) because the harm Visa may suffer is not caused by Visa's absence from this litigation. Any such harm would result from FIFA's alleged conduct in awarding Visa sponsorship rights it could not legally give.

*MasterCard Int'l, Inc. v. Federation Internationale De Football Assoc., Inc.*, 471 F.3d 377, 387 (2d Cir. 2006).

Here, the owner does not qualify as a necessary party because any real or imaginary harm it may suffer if it is reduced to making a claim against the IndyMac receivership would not be caused by granting IndyMac relief from stay. Moreover, the bankruptcy court has no jurisdiction over any dispute between the owners and the FDIC and no roving commission to protect the rights of institutional investors.

As the Bankruptcy court for the Eastern District of New York stated in the Rule 19 context:

In the instant proceeding the relief being sought is the vacatur of the automatic stay imposed under 11 U.S.C. § 362(a). It is clear that no additional party need be joined to grant such relief. The vacatur would simply authorize Beneficial to proceed to foreclose on its security interest.

*In re Transleisure Corp.*, 41 B.R. 201, 205 (Bankr. E.D.N.Y. 1984).

28

## VIII. <u>CONCLUSION</u>

A court must grant relief from the automatic stay to allow a party to foreclose if Debtor has no equity in the property and the property is not necessary for an effective reorganization. *In re Mellor*, 734 F.2d 1396, 1400 (9th Cir. 1984). The Debtor's schedules and IndyMac's motion reveal that Hwang lacks equity in the property. Because a Chapter 7 proceeding does not involve a reorganization, it is generally presumed that the second condition under 11 U.S.C. § 362(d)(2)(B) is met in a Chapter 7 proceeding. *Housing Auth. v. James (In re James)*, 198 B.R. 885, 891 (Bankr. W.D. Pa. 1996). Rather than fighting to save the property, Hwang indicated he intended to surrender the property to IndyMac. Neither the Debtor nor the Trustee opposed the motion for relief from stay.

Whether the bankruptcy court denied the motion for relief from stay out of a misguided concern for the interests of investors in mortgage-backed securities, who are perfectly capable of protecting themselves, is unclear and ultimately irrelevant. A bankruptcy court's equitable powers "do not amount to a 'roving commission to do equity.'" *Pac. Shores Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1070 (9th Cir. 2004) [quoting *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986)].

In denying IndyMac's motion for relief from stay on the grounds that IndyMac is not the real party in interest and is required to join the beneficial owner

of the note, the bankruptcy court erred as a matter of law and exceeded its equitable power. The bankruptcy court's order denying IndyMac's relief from stay should be reversed. The bankruptcy court should be directed to grant relief from the stay.

Dated: June 8, 2009

MALCOLM ♦ CISNEROS
A Law Corporation

WILLIAM G. MALCOLM
Attorneys for Appellant
FDIC

## PROOF OF SERVICE

I am employed by the law firm of Malcolm ♦ Cisneros in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

On June __//__, 2009, I caused to be served the document entitled:

- **OPENING BRIEF OF APPELLANT FDIC;**

- **APPELLANT FDIC'S APPENDIX AND EXCERPTS OF RECORD**

on the following interested parties:

### SEE ATTACHED PAGE

☒ (By Mail)  I caused each envelope, with postage prepaid, to be placed in the United States mail at Irvine, California.

☐ (By Hand)  I caused each envelope to be delivered by hand.

☐ (By Overnight Courier)  I caused each envelope, with postage prepaid, to be sent by Federal Express/ Express Mail.

☐ (By Facsimile Transmission)  I caused each document to be sent by automatic facsimile transmission to the following telephone numbers and confirmed by voice communication that the transmission was received:

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction service was made and that the foregoing is true and correct and that this declaration was executed on the date indicated below at Irvine, California.

DATED: June __//__, 2009

/s/ Melissa Fusco
MELISSA FUSCO

MO\IMB

1

**SERVICE LIST**
In re Kang Jin Hwang
**District Court Case No. CV 08-7871 PSG**
**(BK CASE No. 2:08-bk-15337-SB)**

**DEBTOR:**
**Kang Jin Hwang**
1635 4th Street
Los Angeles, CA 90019

**DEBTOR'S ATTORNEY:**
**Robert K Lee**
3435 Wilshire Blvd Ste 2741
Los Angeles, CA 90010

**TRUSTEE:**
**Sam S. Leslie**
Leslie, Engell & Associates LLP
6310 San Vicente Blvd., Suite 320
Los Angeles, CA 90048

**U.S. TRUSTEE:**
Department of Justice
725 South Figueroa Street
26th Floor
Los Angeles, CA 90017

**CHAMBER COPY (VIA OVERNIGHT):**
Honorable Philip S. Gutierrez
Edward R. Roybal Federal Building
255 East Temple Street
Court Room 790
Los Angeles, CA 90012

MO\IMB