4.    INTEREST RATE AND MONTHLY PAYMENT CHANGES

(C)    Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND ONE QUARTER   percentage point(s) (  2.250  %) to the Current Index for such Change Date. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

During the Interest-Only Period, the Note Holder will then determine the amount of the monthly payment that would be sufficient to repay accrued interest. This will be the amount of my monthly payment until the earlier of the next Change Date or the end of the Interest-Only Period unless I make a voluntary prepayment of principal during such period. If I make a voluntary prepayment of principal during the Interest-Only Period, my payment amount for subsequent payments will be reduced to the amount necessary to pay interest at the then current interest rate on the lower principal balance. At the end of the Interest-Only Period and on each Change Date thereafter, the Note Holder will determine the amount of the monthly payment that would be sufficient to repay in full the unpaid principal that I am expected to owe at the end of the Interest-Only Period or Change Date, as applicable, in equal monthly payments over the remaining term of the Note. The result of this calculation will be the new amount of my monthly payment. After the end of the Interest-Only Period, my payment will not be reduced due to voluntary prepayments.

7.    BORROWER'S FAILURE TO PAY AS REQUIRED

(A)    Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  5.00  % of my overdue payment of interest for the first  120   payments,      5.00    % of my overdue payment of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

_____(Seal)    _____(Seal)
KANG JIN HWANG                -Borrower        -Borrower


_____(Seal)    _____(Seal)
                     -Borrower        -Borrower


_____(Seal)    _____(Seal)
                     -Borrower        -Borrower


_____(Seal)    _____(Seal)
                     -Borrower        -Borrower

20080506–0003723
Fee: $15.00      RPTT: $0.00
N/C Fee: $25.00
05/06/2008        14:41:00
T20080080586
Requestor:
  LSI TITLE AGENCY INC.
Debbie Conway        OSA
Clark County Recorder    Pgs: :

[RECORDING REQUESTED BY
Fidelity National Title Insurance Company
c/o MALCOLM*CISNEROS

AND WHEN RECORDED MAIL TO:]

Indy Mac Bank
460 Sierra Madre Villa Ave, Suite 101
Mailstop: HS 01-04
Pasadena, CA 91107

apn - 177 - 22 - 116 - 057

[Space above this line for recorders use only]

Trustee Sale No. NV0914818    Loan No. 3002707481    Title Order No. G737910

# ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to INDYMAC BANK, FSB all beneficial interest under that certain Deed of Trust dated 01/25/2007, executed by KANG JIN HWANG, A SINGLE MAN, as Trustor; to FINANCIAL TITLE COMPANY, as Trustee; and Recorded on 02/01/2007 as Document No. 20070201-0004035 of official records in the Office of the County Recorder of Clark County, California., real property described as follows:

SEE EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF

TOGETHER with the note or notes therein described and secured thereby, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust including the right to have reconveyed, in whole or in part, the real property described therein.

Dated: 1-29-08

Trustee Sale No. NV0914818
Loan No. 3002707481
Title Order No. G737910

Beneficiary:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC

By:    Topako Love

STATE OF    MN

COUNTY OF    Dakota

On _____ before me, _____, a notary public, personally appeared ____Topako Love____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary Public in and for said County and State

JAMES C. MORRIS
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2009

20-23

B6A (Official Form 6A) (12/07)

In re **_Kang Jin Hwang_**                  Case No. _____

                                  Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **_Single Family Residence_** <br> **_6062 Indiana Avenue_** <br> **_Buena Park, CA 90621_** | **_Fee Simple_** | - | **_598,000.00_** | **_784,529.00_** |
| **_Single Family Residence_** <br> **_501 Delamere Way_** <br> **_Las Vegas, NV 89123_** | **_Fee Simple_** | - | **_358,000.00_** | **_477,921.00_** |

| | | |
|---|---|---|
| Sub-Total > | **_956,000.00_** | (Total of this page) |
| Total > | **_956,000.00_** | |

   **_0_**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6D (Official Form 6D) (12/07)

In re   **Kang Jin Hwang**                                                    Case No. _____
                                                    Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. *xxxxx8472* | | | | | Opened 12/01/06 Last Active 2/25/08 | | | | | |
| **Countrywide Home Lending** **Attention: Bankruptcy SV-314B** **Po Box 5170** **Simi Valley, CA 93062** | | | | - | *First Mortgage* *Single Family Residence* *6062 Indiana Avenue* *Buena Park, CA 90621* | | | | 628,000.00 | 30,000.00 |
| | | | | | Value $           598,000.00 | | | | | |
| Account No. *xxxxx8488* | | | | | Opened 12/01/06 Last Active 6/20/07 | | | | | |
| **Countrywide Home Lending** **Attention: Bankruptcy SV-314B** **Po Box 5170** **Simi Valley, CA 93062** | | | | - | *Second Mortgage* *Single Family Residence* *6062 Indiana Avenue* *Buena Park, CA 90621* | | | | 156,529.00 | 156,529.00 |
| | | | | | Value $           598,000.00 | | | | | |
| Account No. *xxxxx2235* | | | | | Opened 2/01/07 Last Active 6/29/07 | | | | | |
| **GMAC Mortgage** **Attention: Bankruptcy Dept.** **1100 Virginia Drive** **Fort Washington, PA 19034** | | | | - | *Second Mortgage* *Single Family Residence* *501 Delamere Way* *Las Vegas, NV 89123* | | | | 102,159.00 | 0.00 |
| | | | | | Value $           358,000.00 | | | | | |
| Account No. *xxxxxxxxx7481* | | | | | Opened 2/01/07 Last Active 6/25/07 | | | | | |
| **Indymac Bank** **7700 W Parmer Ln** **Bldg D 2nd Floor** **Austin, TX 78729** | | | | - | *First Mortgage* *Single Family Residence* *501 Delamere Way* *Las Vegas, NV 89123* | | | | 375,762.00 | 119,921.00 |
| | | | | | Value $           358,000.00 | | | | | |

**0**   continuation sheets attached

Subtotal (Total of this page)          1,262,450.00          306,450.00

Total (Report on Summary of Schedules)          1,262,450.00          306,450.00



Form 8
(10/05)

# United States Bankruptcy Court
## Central District of California

In re   *Kang Jin Hwang*

Debtor(s)

Case No. _____

Chapter    7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

■·   I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐   I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

■   I intend to do the following with respect to property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| *Single Family Residence 6062 Indiana Avenue Buena Park, CA 90621* | *Countrywide Home Lending* | X | | | |
| *Single Family Residence 6062 Indiana Avenue Buena Park, CA 90621* | *Countrywide Home Lending* | X | | | |
| *Single Family Residence 501 Delamere Way Las Vegas, NV 89123* | *GMAC Mortgage* | X | | | |
| *Single Family Residence 501 Delamere Way Las Vegas, NV 89123* | *Indymac Bank* | X | | | |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| *-NONE-* | | |

Date   *April 22, 2008*

Signature   */s/ Kang Jin Hwang*
*Kang Jin Hwang*
Debtor

Software Copyright (c) 1996-2008 Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy



Escrow Number: **03004020-220-CF1**

## LEGAL DESCRIPTION

LOT TEN (10) IN BLOCK THIRTEEN (13) OF CRYSTAL SPRINGS R-2 NO. 19, AS SHOWN BY
MAP THEREOF ON FILE IN BOOK 85 OF PLATS, PAGE 10 AND AS AMENDED BY
CERTIFICATE OF AMENDMENT RECORDED AUGUST 13, 1998 IN BOOK 980813 AS
DOCUMENT NO. 01012 AND AS AMENDED BY CERTIFICATE OF AMENDMENT RECORDED
SEPTEMBER 17, 1998 IN BOOK 980917 AS DOCUMENT NO. 02197, OFFICIAL RECORDS, IN THE
OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

20-27

4

1  WILLIAM G. MALCOLM, #129271
   KEVIN HAHN, #231579
2  MALCOLM ♦ CISNEROS, A Law Corporation
   2112 Business Center Drive, Second Floor
3  Irvine, California  92612
   (949) 252-9400 (TELEPHONE)
4  (949) 252-1032 (FACSIMILE)

5  Attorneys for Movant

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10                       LOS ANGELES DIVISION

11 | In re                              )   Bankruptcy Case No. 2:08-BK-15337-SB
                                        )
12 | KANG JIM HWANG,                     )
                                        )   Chapter 7
13 |            Debtor.                  )
   |_____)
14 | INDYMAC BANK,                       )   AMENDED PROOF OF SERVICE
                                        )
15 |            Movant,                  )   HEARING DATE:
                                        )   DATE:  June 24, 2008
16 | vs.                                 )   TIME:   9:30 a.m.
                                        )   CTRM:  1575
17 | KANG JIM HWANG, Debtor, and Sam S.  )
   | Leslie, Trustee,                    )
18 |                                     )
                                        )
19 |            Respondents.             )
   |_____)

20        I, ERICA F. PEDRAZA, declare:

21        1.    I am a paralegal employed by the law firm of MALCOLM ♦ CISNEROS, A Law

22 Corporation, in the County of Orange, State of California.  I am over the age of eighteen and not a party

23 to the within action; my business address is: 2112 Business Center Drive, Second Floor, Irvine,

24 California 92612.  I have first hand personal knowledge of the facts set forth below and if called upon

25 to testify, I could and would do so competently and truthfully.

26        2.    On May 23, 2008, our office filed a document electronically described as:

27        -    **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE**

28             **AUTOMATIC STAY ("Motion")**

The Motion indicated that we also served the Motion on all interested parties.  Due to a copy room error, the Motion was never served out on May 23, 2008.  The error was discovered on May 27, 2008.

3.      On May 28, 2008, I served the following document described as:

-   **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Irvine, California, addressed as follows:

| **DEBTOR:**<br>KANG JIM HWANG<br>1635 4th Street<br>Los Angeles CA 90019 | **DEBTOR'S ATTORNEY:**<br>Robert K. Lee<br>3435 Wilshire Blvd, Ste 2741<br>Los Angeles CA 90010 |
|---|---|
| **CHAPTER 7 TRUSTEE:**<br>Sam S. Leslie<br>Leslie Engell & Associates LLP<br>6310 San Vicente Blvd, Ste 320<br>Los Angeles CA 90048 | **OFFICE OF THE US TRUSTEE:**<br>Office of the U.S. Trustee<br>725 South Figueroa Street, 26th Floor<br>Los Angeles, CA 90017 |

4.      On May 30, 2008, I served the following document described as:

-   **AMENDED PROOF OF SERVICE**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Irvine, California, addressed as follows:

| **DEBTOR:**<br>KANG JIM HWANG<br>1635 4th Street<br>Los Angeles CA 90019 | **DEBTOR'S ATTORNEY:**<br>Robert K. Lee<br>3435 Wilshire Blvd, Ste 2741<br>Los Angeles CA 90010 |
|---|---|
| **CHAPTER 7 TRUSTEE:**<br>Sam S. Leslie<br>Leslie Engell & Associates LLP<br>6310 San Vicente Blvd, Ste 320<br>Los Angeles CA 90048 | **OFFICE OF THE US TRUSTEE:**<br>Office of the U.S. Trustee<br>725 South Figueroa Street, 26th Floor<br>Los Angeles, CA 90017 |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on May 30, 2008, at Irvine, California.

ERICA F. PEDRAZA

5

| | FOR COURT USE ONLY | FILED & ENTERED |
|---|---|---|
| | | JUN 10 2008 |
| | | CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY egarcia    DEPUTY CLERK |
| **UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA** | | |

| In re:<br>Kang Jin Hwang, | CHAPTER: | 7 |
|---|---|---|
| | CASE NO.: | LA -08-15337SB |
| Debtor(s). | DATE:<br>TIME: | June 24, 2008<br>9:30 AM |
| Sam S. Leslie,<br>Trustee. | CTRM:<br>FLOOR: | 1575<br>15th |

## ORDER FOR APPEARANCE OF DECLARANTS TO TESTIFY
### (MOVANT: IndyMac Bank)

Pursuant to Local Rule 9013-1(a)(13)(A), the parties to the pending relief from stay motion in this case are ordered to bring to court each declarant for whom a declaration has been submitted, for the purpose of presenting testimony to support the declaration.

###

DATED: June 10, 2008

_____
United States Bankruptcy Judge

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:

You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that an ORDER FOR APPEARANCE OF DECLARANTS TO TESTIFY was entered on *(specify date)*:

June 10, 2008

Dated:   June 10, 2008

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: Elaine L. Garcia

_____
*Deputy Clerk*

- 26 -

## SERVICE LIST

Kang Jin Hwang
1635 4th Street
Los Angeles, California 90019

Robert K. Lee, Esq.
3435 Wilshire Boulevard
Suite 2741
Los Angeles, California 90010

William G. Malcolm, Esq.
Malcolm Cisneros, A Law Corporation
2112 Business Center Drive
2nd Floor
Irvine, California 92612

Sam S. Leslie, Trustee
6310 San Vicente Boulevard
Suite 320
Los Angeles, California 90048

U.S. Trustee
Department of Justice
725 South Figueroa Street
26th Floor
Los Angeles, California 90017

**6**

FILED & ENTERED

FOR COURT USE ONLY

JUL 08 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: | CHAPTER: | 7 |
| Kang Jin Hwang, | | |
| | CASE NO.: | LA -08-15337SB |
| Debtor(s). | DATE: | July 15, 2008 |
| | TIME: | 9:30 AM |
| Sam S. Leslie, | | |
| Trustee. | CTRM: | 1575 |
| | FLOOR: | 15th |

### ORDER FOR APPEARANCE OF DECLARANTS TO TESTIFY
### (MOVANT: IndyMac Bank)

Pursuant to Local Rule 9013-1(a)(13)(A), the parties to the pending relief from stay motion in this case are ordered to bring to court each declarant for whom a declaration has been submitted, for the purpose of presenting testimony to support the declaration.

\#\#\#

DATED: July 8, 2008

United States Bankruptcy Judge

- 28 -

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

**TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:**

You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that an ORDER FOR APPEARANCE OF
DECLARANTS TO TESTIFY was entered on *(specify date)*:

July 8, 2008

Dated: July 8, 2008

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: ELAINE L. GARCIA

_____
*Deputy Clerk*

- 29 -

**SERVICE LIST**

Kang Jin Hwang
1635 4th Street
Los Angeles, California 90019

Robert K. Lee,
3435 Wilshire Boulevard
Suite 2741
Los Angeles, California 90010

William G. Malcolm, Esq.
Malcolm Cisneros, A Law Corporation
2112 Business Center Drive
2nd Floor
Irvine, California 92612

Sam S. Leslie, Trustee
6310 San Vicente Boulevard
Suite 320
Los Angeles, California 90048

U.S. Trustee
Department of Justice
725 South Figueroa Street
26th Floor
Los Angeles, California 90017

**7**

1  WILLIAM G. MALCOLM, #129271
   DON ROBINSON, #123411
2  KEVIN HAHN, #231579
   MALCOLM ♦ CISNEROS, A Law Corporation
3  2112 Business Center Drive, Second Floor
   Irvine, California 92612
4  (949) 252-9400 (TELEPHONE)
   (949) 252-1032 (FACSIMILE)
5
   Attorneys for Movant,
6

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                LOS ANGELES DIVISION

11  In re                          )   Bankruptcy Case No. 2:08-BK-15337 SB
                                    )
12  KANG JIN HWANG,                 )
                                    )   Chapter 7
13         Debtor.                  )
    _____)
14  FDIC as Conservator for INDYMAC FEDERAL )   **NOTICE OF SUBSTITUTION OF**
    BANK, FSB,                      )   **MOVANT ON INDYMAC BANK'S**
15                                  )   **MOTION FOR RELIEF FROM**
           Movant,                  )   **AUTOMATIC STAY**
16                                  )
    vs.                             )   CONTINUED HEARING DATE:
17                                  )   DATE:   August 26, 2008,
    KANG JIN HWANG, Debtor, and SAM S.)   TIME:   9:30 a.m.
18  LESLIE, Trustee,                )   CTRM:   1575
                                    )   FLOOR:  15th
19         Respondents.             )
    _____)
20

21  **TO THE HONORABLE SAMUEL BUFFORD, UNITED STATES BANKRUPTCY COURT**

22  **JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER**

23  **INTERESTED PARTIES:**

24         **PLEASE TAKE NOTICE** that INDYMAC BANK hereby substitutes "FDIC as

25  Conservator for INDYMAC FEDERAL BANK, FSB" as the movant under the Motion for Relief from

26  the Automatic Stay ("Motion") filed on May 23, 2008 with a continued hearing date of August 26,

27  2008. FDIC as Conservator for INDYMAC FEDERAL BANK, FSB is being substituted in as the

28  movant by virtue of the takeover of INDYMAC BANK by the FEDERAL DEPOSIT INSURANCE

                                   - 31 -

CORPORATION on July 11, 2008.

DATED: August 22, 2008                    Respectfully Submitted,

                                          MALCOLM ♦ CISNEROS, A Law Corporation


                                          By: /s/ *William G. Malcolm*
                                               WILLIAM G. MALCOLM, #129271
                                               Attorneys for Movant

PROOF OF SERVICE

I am employed by the law firm of Malcolm ♦ Cisneros in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

On August 22, 2008, I caused to be served the document entitled:

**NOTICE OF SUBSTITUTION OF MOVANT ON INDYMAC BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

on the following interested parties:

**SEE ATTACHED SERVICE LIST**

☒ (By Mail) I caused each envelope, with postage prepaid, to be placed in the United States mail at Irvine, California.

☐ (By Hand) I caused each envelope to be delivered by hand.

☐ (By Overnight Courier) I caused each envelope, with postage prepaid, to be sent by Federal Express/ Express Mail.

☐ (By Facsimile Transmission) I caused each document to be sent by automatic facsimile transmission to the following telephone numbers and confirmed by voice communication that the transmission was received:

☒ (By Electronic Transmittal) Service via electronic transmission pursuant to the Public Notice re: Consent to Electronic Notice and Service of Documents:

**OFFICE OF THE UNITED STATES TRUSTEE**

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction service was made and that the foregoing is true and correct and that this declaration was executed on the date indicated below at Irvine, California.

DATED: August 22, 2008

_____
ERICA F. PEDRAZA

1
2
3

SERVICE LIST
KANG JIM HWANG
CASE NO. 2:08-bk-15337-SB

4  **DEBTOR**:
5  Kang Jin Hwang
   1635 4th Street
6  Los Angeles CA 90019

7  **DEBTOR'S ATTORNEY**:
8  Robert K. Lee
   3435 Wilshire Blvd, Ste 2741
9  Los Angeles CA 90010

10  **CHAPTER 7 TRUSTEE**:
11  Sam S. Leslie
    Leslie Engell & Associates LLP
12  6310 San Vicente Blvd, Ste 320
    Los Angeles CA 90048
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**8**

1   WILLIAM G. MALCOLM, #129271
    DON ROBINSON, #123411
2   KEVIN HAHN, #231579
    MALCOLM ♦ CISNEROS
3   2112 Business Center Drive
    2nd Floor
4   Irvine, California 92612
    Telephone:    (949) 252-9400
5   Telecopier:    (949) 252-1032

6   Attorneys for Movant

7

8             UNITED STATES BANKRUPTCY COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10            LOS ANGELES DIVISION

| | |
|---|---|
| 11   In re: | Case No. 2:08-bk-15337 SB |
| 12   KANG JIN HWANG, | [Chapter 7] |
| 13          Debtor. | |
| 14   FDIC as Conservator for INDYMAC FEDERAL BANK, FSB, | **SUPPMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDYMAC FEDERAL BANK'S MOTION FOR RELIEF FROM STAY** |
| 15 | |
| 16          Movant, | |
| 17          vs. | |
| 18   KANG JIN HWANG, Debtor, and SAM S. LESLIE, | **CONTINUED HEARING DATE:** **DATE:**  August 26, 2008 |
| 19          Respondents. | **TIME:**   9:30 a.m. |
| 20 | **CTRM:**  1575             255 E. Temple Street             Los Angeles, CA 90012 |
| 21 | |

22        FDIC as Conservator for INDYMAC FEDERAL BANK, FSB ("IndyMac

23 Federal") respectfully submits the following Memorandum of Points and Authorities designed to

24 address the issue of standing, which the Court raised sua sponte at the hearing on the motion for

25 relief from stay on July 15, 2008.

26                              **FACTS**

27        On January 25, 2007, Kang Jin Hwang ("Debtor") executed a deed of trust

28 naming Mortgage Electronic Systems ("MERS") as the beneficiary.  The deed of trust

1

encumbered the residential real property located at 501 Delamere Way, Las Vegas, Nevada 89123. The deed of trust provided that MERS was acting as a nominee for the lender, Mortgageit, Inc. See Notice of Motion and Motion for Relief from the Automatic Stay, Real Property Declaration, Exhibit 1 (Deed of Trust). MERS assigned the deed of trust to IndyMac Bank FSB ("IndyMac") on January 29, 2008. The Assignment was recorded on May 6, 2008. *Id.*, Exh. 3.

The Office of Thrift Supervision closed IndyMac on July 11, 2008. The Federal Deposit Insurance Corporation ("FDIC") was named conservator and announced that it would transfer insured deposits and substantially all assets of IndyMac to IndyMac Federal Bank, F.S.B. on the same day.

At the hearing on July 15, 2008, the Court raised the issue of IndyMac's standing because of the FDIC's appointment as receiver. After being informed that IndyMac's assets, including the loan, had been transferred to Movant, which is still servicing the loan and has filed a Notice of Substitution of Moving Party, the Court allowed the hearing to proceed.[1]

At the end of hearing, however, the Court asked whether the loan was owned by a party other than IndyMac Federal. Informed that the Federal Home Loan Bank Board ("Freddie Mac") is the investor that owns the loan, the Court refused to grant relief from stay until it resolved the issue of whether IndyMac Federal, the loan servicer, has standing to seek relief from stay.

All other issues have been resolved in IndyMac's favor regarding the predicates to the granting of the relief (there is no equity in the Property and the Debtor has stated the intention to abandon it). Indeed, neither the Debtor nor the Trustee opposed the Motion.

## DISCUSSION

As the Bankruptcy Court for the District of New Jersey has observed:

> Freddie Mac does not make loans directly to borrowers. It purchases loans from originating lenders and then contracts with numerous loan servicers who collect borrowers' monthly mortgage payments and take appropriate actions to preserve the property securing the loans Freddie Mac has purchased. The mortgage loan

---

[1] A substitution of party will be filed with this Memorandum.

2

servicers "collect the borrowers payments, maintain all the necessary accounts (including escrow accounts for taxes and insurance) and make the necessary disbursements (including remittance of principal and interest to the [note holder] and disbursements for taxes and insurance). *Deerman v. Federal Home Loan Mortgage Corp.*, 955 F. Supp. 1393, 1396 (N.D. Ala. 1997), *aff'd*, 140 F.3d 1043 (11th Cir. 1998).

*In re Litenda Mortgage Corp.*, 246 B.R. 185, 187 (Bankr. D. N.J. 2000).

In the bankruptcy context, Freddie Mac loan servicers are usually if not always charged with the responsibility of filing proofs of claim and seeking relief from stay. This raises the issue of whether loan servicers as opposed to investors that own notes and deeds of trust have standing to appear in bankruptcy cases.

With the exception of two decisions that have been vacated and reversed,[2] it appears that every federal court to consider the issue has held that loan servicers have standing to initiate foreclosure actions, file motions for relief from stay, and to defend proofs of claim. See, e.g., *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002) ("loan servicer is a 'real party in interest'"); *Myers v. Citicorp Mortgage, Inc.*, 878 F.Supp. 1553, 1558 (M.D. Ala. 1995), *aff'd*, 208 F.3d 1011 (11th Cir. 2000)(unpublished table decision); *Bankers Trust (Delaware) v. 236 Beltway Inv.*, 865 F. Supp. 1186, 1191 (E.D. Va. 1994)(both lender and servicer have standing to foreclose even if servicer is not the holder of the mortgage); *In re Miller*, 320 B.R. 203, 206 (Bankr. N.D. Ala. 2005)(servicer permitted to litigate motion for relief from stay); *In re Tainan*, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) (mortgage servicer a party in interest in a relief from stay proceeding); *Fairbanks Capital Corp. v. Nagel*, 289 A.D. 99, 100, 735 N.Y.S.2d 13 (N.Y. App. Div. 2001)(holding that loan servicer had standing to maintain an action to foreclose a mortgage based on the beneficial owner's "delegation of authority over the subject mortgage").

As one Bankruptcy Court noted:

The general rule is that a mortgage servicer has standing by virtue of its pecuniary interest in collecting payments under the terms of the note and mortgage. See *In re Tainan*, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985)(Mortgage servicer a party in

---

[2] *In re Morgan*, 225 B.R. 290 (Bankr. E.D.N.Y. 1998), *vacated by In re Alcibiades & Irma Nunez*, 2000 U.S. Dist. LEXIS 12078 (E.D.N.Y. Mar. 17, 2000), and *In re O'Dell*, 251 B.R. 602 (Bankr. N.D.Ala. 2000), *rev'd*, 268 B.R. 607 (N.D. Ala. 2001).

3

1  interest for purposes of Fed. R. Civ. P. 17(a) in a relief from stay
   proceeding.), *Bankers Trust (Delaware) v. 236 Beltway Inv.*, 865 F.
2  Supp. 1186, 1191 (E.D. Va. 1994)(Both lender and servicer have
   standing to foreclose even if servicer is not the  holder of the
3  mortgage.), *In re O'Dell*, 268 B.R. 607, 618 (N.D. Ala. 2001)(A
   servicer was allowed to defend a proof of claim on behalf of its
4  principal.), *aff'd*, 305 F.3d 1297, 1302 (11th Cir. 2002)("A servicer
5  is a party in interest in proceedings involving loans which it
   services."), *In re Miller*, 320 B.R. 203, 206 fn2 (Bankr. N.D. Ala.
6  2005)(Servicer permitted to litigate motion for relief from stay.) It
   seems the better view that a loan servicer, with a contractual duty to
7  collect payments and foreclose mortgages in the event of default,
8  has standing to move for relief from stay in the Bankruptcy Court.

9  *In re Woodberry*, 383 B.R. 373, 379 (Bankr. D.S.C. 2008).

10  ### REQUEST FOR JUDICIAL NOTICE

11  Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein

12  by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Movant requests that the Court take

13  judicial notice of the takeover of the assets and operations of IndyMac Bank by the FDIC.

14  Movant further requests that the Court take judicial notice of the new entity known as IndyMac

15  Federal Bank, FSB.

16  ### CONCLUSION

17  For the foregoing reasons, Movant respectfully requests the Court to hold that

18  IndyMac Federal has standing to prosecute this motion and to grant IndyMac Federal's motion

19  for relief from stay.

20  Dated: August 22, 2008                    MALCOLM ♦ CISNEROS

21

22

23                                           */s/ William G. Malcolm*
                                             WILLIAM G. MALCOLM
24                                           Attorneys for Movant

25

26

27

28

4

## PROOF OF SERVICE

I am employed by the law firm of Malcolm ♦ Cisneros in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

On August 22, 2008, I caused to be served the document entitled:

**SUPPMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDYMAC FEDERAL BANK'S MOTION FOR RELIEF FROM STAY**

on the following interested parties:

**SEE ATTACHED SERVICE LIST**

☒   (By Mail) I caused each envelope, with postage prepaid, to be placed in the United States mail at Irvine, California.

☐   (By Hand) I caused each envelope to be delivered by hand.

☐   (By Overnight Courier) I caused each envelope, with postage prepaid, to be sent by Federal Express/ Express Mail.

☐   (By Facsimile Transmission) I caused each document to be sent by automatic facsimile transmission to the following telephone numbers and confirmed by voice communication that the transmission was received:

☒   (By Electronic Transmittal) Service <u>via</u> electronic transmission pursuant to the Public Notice re: Consent to Electronic Notice and Service of Documents:

**OFFICE OF THE UNITED STATES TRUSTEE**

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction service was made and that the foregoing is true and correct and that this declaration was executed on the date indicated below at Irvine, California.

DATED: August 22, 2008      _____

                           ERICA F. PEDRAZA

5

1

2

3

**SERVICE LIST**
**KANG JIM HWANG**
**CASE NO. 2:08-bk-15337-SB**

4

5

**DEBTOR:**
Kang Jin Hwang
1635 4th Street
Los Angeles CA 90019

6

7

8

**DEBTOR'S ATTORNEY:**
Robert K. Lee
3435 Wilshire Blvd, Ste 2741
Los Angeles CA 90010

9

10

11

**CHAPTER 7 TRUSTEE:**
Sam S. Leslie
Leslie Engell & Associates LLP
6310 San Vicente Blvd, Ste 320
Los Angeles CA 90048

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

9

1  WILLIAM G. MALCOLM, #129271
   DON ROBINSON, #123411
2  KEVIN HAHN, #231579
   MALCOLM ♦ CISNEROS
3  2112 Business Center Drive
   2nd Floor ·
4  Irvine, California 92612
   Telephone:    (949) 252-9400
5  Telecopier:   (949) 252-1032

6  Attorneys for Movant

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11  In re:                        Case No. 2:08-bk-15337 SB

12  KANG JIN HWANG,               [Chapter 7]

13         Debtor.

14  ──────────────────────────

15  FDIC as Conservator for
    INDYMAC FEDERAL BANK, FSB,    SUPPMENTAL DECLARATION OF ERICA
16                                JOHNSON-SECK IN SUPPORT OF
              Movant,             INDYMAC FEDERAL BANK'S MOTION
17                                FOR RELIEF FROM STAY
              vs.
18                                DATE:   August 26, 2008
    KANG JIN HWANG, Debtor, and   TIME:   9:30 a.m.
19  SAM S. LESLIE,                CTRM:   1575
              Respondents.                255 E. Temple Street
20                                        Los Angeles, CA 90012

21         I, ERICA JOHNSON-SECK, declare:

22         1.   I am the Vice President of the bankruptcy and

23  foreclosure department at IndyMac Federal Bank, FSB, successor

24  to IndyMac Bank (the original Movant) by virtue of the takeover

25  of IndyMac Bank by the FDIC.   As I had testified on July 15,

26  2008, I continue to work in the same capacity at IndyMac Federal

27  Bank, FSB as I had at IndyMac Bank, FSB prior to its takeover.

28  In the foregoing capacity I have personal knowledge of the

                            1

1   status and history of the takeover of IndyMac Bank and of the
2   new entity created in its place and if called upon to testify
3   thereto I could and would do so competently and truthfully.

4             2.    On July 11, 2008, IndyMac Bank, F.S.B., Pasadena,
5   California ("IndyMac") was closed by the Office of Thrift
6   Supervision and the Federal Deposit Insurance Corporation was
7   appointed as receiver (the "Receiver").  On the same date, a new
8   institution, IndyMac Federal Bank, FSB ("IndyMac Federal"), was
9   chartered and all of the insured deposits and substantially all
10  of the assets of the Receiver, were transferred to IndyMac
11  Federal.  IndyMac Federal was then placed into conservatorship,
12  and the FDIC was appointed as conservator (the "Conservator").
13  The Conservator stands in the shoes of IndyMac to perform all
14  functions of the institution in the name of the institution,
15  including to prosecute the Motion for Relief From Automatic Stay
16  ("Motion") in the present case.  Therefore, the FDIC as
17  Conservator for INDYMAC FEDERAL BANK, FSB, is the proper party in
18  interest to prosecute the Motion.

19            3.    In my capacity as a Vice President, I have access
20  to the business records of IndyMac Federal as they relate to the
21  Debtor as I did in my capacity as Vice President of IndyMac
22  Bank.   The records of IndyMac Federal are made and kept in the
23  ordinary course of business by persons who have a business duty
24  to make such records on behalf of IndyMac Federal.   The records
25  are made at or near the time of the occurrence of the event or
26  events of which they are recorded.   I have personally reviewed
27  the records of IndyMac Federal/IndyMac Bank as they relate to
28  the Debtor herein.   My testimony on July 15, 2008 was truthful

1  and accurate.  The truthfulness and accuracy of the testimony is

2  unaffected by the takeover of the FDIC and the creation of the

3  new entity.

4        I declare under penalty of perjury according to the

5  laws of the United States of America that the foregoing is true

6  and correct and that this Declaration is executed on August 22,

7  2008 in Austin, Texas

8

9        _____
                    ERICA JOHNSON-SECK

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed by the law firm of Malcolm ♦ Cisneros in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

On August 22, 2008, I caused to be served the document entitled:

**SUPPMENTAL DECLARATION OF ERICA JOHNSON-SECK IN SUPPORT OF INDYMAC FEDERAL BANK'S MOTION FOR RELIEF FROM STAY**

on the following interested parties:

### SEE ATTACHED SERVICE LIST

☒   (By Mail) I caused each envelope, with postage prepaid, to be placed in the United States mail at Irvine, California.

☐   (By Hand) I caused each envelope to be delivered by hand.

☐   (By Overnight Courier) I caused each envelope, with postage prepaid, to be sent by Federal Express/ Express Mail.

☐   (By Facsimile Transmission) I caused each document to be sent by automatic facsimile transmission to the following telephone numbers and confirmed by voice communication that the transmission was received:

☒   (By Electronic Transmittal) Service _via_ electronic transmission pursuant to the Public Notice re: Consent to Electronic Notice and Service of Documents:

**OFFICE OF THE UNITED STATES TRUSTEE**

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction service was made and that the foregoing is true and correct and that this declaration was executed on the date indicated below at Irvine, California.

DATED: August 22, 2008

_____
ERICA F. PEDRAZA

1

2

3

**SERVICE LIST**

**KANG JIM HWANG**

**CASE NO. 2:08-bk-15337-SB**

4

5

**DEBTOR:**

Kang Jin Hwang

1635 4th Street

6  Los Angeles CA 90019

7

**DEBTOR'S ATTORNEY:**

8  Robert K. Lee

3435 Wilshire Blvd, Ste 2741

9  Los Angeles CA 90010

10

**CHAPTER 7 TRUSTEE:**

11  Sam S. Leslie

Leslie Engell & Associates LLP

12  6310 San Vicente Blvd, Ste 320

Los Angeles CA 90048

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

10

| | |
|---|---|
| 1 | WILLIAM G. MALCOLM, #129271<br>DON ROBINSON, #123411 |
| 2 | KEVIN HAHN, #231579<br>MALCOLM ♦ CISNEROS |
| 3 | 2112 Business Center Drive<br>2nd Floor |

1   WILLIAM G. MALCOLM, #129271
    DON ROBINSON, #123411
2   KEVIN HAHN, #231579
    MALCOLM ♦ CISNEROS
3   2112 Business Center Drive
    2nd Floor
4   Irvine, California 92612
    Telephone:    (949) 252-9400
5   Telecopier:   (949) 252-1032

6   Attorneys for Movant

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                 LOS ANGELES DIVISION

11   In re:                                  Case No. 2:08-bk-15337 SB

12   KANG JIN HWANG,                         [Chapter 7]

13              Debtor.

14   FDIC as Conservator for INDYMAC
15   FEDERAL BANK, FSB,                      **EXECUTED PROOF OF SERVICE RE:**
                                             **SUPPMENTAL MEMORANDUM OF**
16              Movant,                      **POINTS AND AUTHORITIES IN**
                                             **SUPPORT OF INDYMAC FEDERAL**
17              vs.                          **BANK'S MOTION FOR RELIEF FROM**
                                             **STAY**
18   KANG JIN HWANG, Debtor, and SAM S.
     LESLIE,                                 **CONTINUED HEARING DATE:**
19              Respondents.                 **DATE:**  August 26, 2008
                                             **TIME:**   9:30 a.m.
20                                           **CTRM:**  1575
                                                         255 E. Temple Street
21                                                       Los Angeles, CA 90012

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

<u>PROOF OF SERVICE</u>

I am employed by the law firm of Malcolm ♦ Cisneros in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

On August 22, 2008, I caused to be served the document entitled:

**SUPPMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDYMAC FEDERAL BANK'S MOTION FOR RELIEF FROM STAY**

on the following interested parties:

**SEE ATTACHED SERVICE LIST**

☒   (By Mail) I caused each envelope, with postage prepaid, to be placed in the United States mail at Irvine, California.

☐   (By Hand) I caused each envelope to be delivered by hand.

☐   (By Overnight Courier) I caused each envelope, with postage prepaid, to be sent by Federal Express/ Express Mail.

☐   (By Facsimile Transmission) I caused each document to be sent by automatic facsimile transmission to the following telephone numbers and confirmed by voice communication that the transmission was received:

☒   (By Electronic Transmittal) Service <u>via</u> electronic transmission pursuant to the Public Notice re: Consent to Electronic Notice and Service of Documents:

**OFFICE OF THE UNITED STATES TRUSTEE**

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction service was made and that the foregoing is true and correct and that this declaration was executed on the date indicated below at Irvine, California.

DATED: August 22, 2008

ERICA F. PEDRAZA

11

1  | WILLIAM G. MALCOLM, #129271
2  | DON ROBINSON, #123411
   | KEVIN HAHN, #231579
3  | MALCOLM ♦ CISNEROS, A Law Corporation
   | 2112 Business Center Drive, Second Floor
4  | Irvine, California 92612
   | (949) 252-9400 (TELEPHONE)
5  | (949) 252-1032 (FACSIMILE)

6  | Attorneys for Movant,

7

8  |              UNITED STATES BANKRUPTCY COURT

9  |               CENTRAL DISTRICT OF CALIFORNIA

10 |                  LOS ANGELES DIVISION

11 | In re                                 )  Bankruptcy Case No. 2:08-BK-15337 SB
                                           )
12 | KANG JIN HWANG,                       )
                                           )  Chapter 7
13 |            Debtor.                     )
                                           )
14 | FDIC as Conservator for INDYMAC FEDERAL )  **EXECUTED PROOF OF SERVICE RE:**
   | BANK, FSB,                            )  **NOTICE OF SUBSTITUTION OF**
15 |                                        )  **MOVANT ON INDYMAC BANK'S**
   |            Movant,                     )  **MOTION FOR RELIEF FROM**
16 |                                        )  **AUTOMATIC STAY**
   | vs.                                    )
17 |                                        )  <u>CONTINUED HEARING DATE:</u>
   | KANG JIN HWANG, Debtor, and SAM S.    )  DATE:   August 26, 2008,
18 | LESLIE, Trustee,                       )  TIME:    9:30 a.m.
   |                                        )  CTRM:   1575
19 |            Respondents.                )  FLOOR:  15th
                                           )
20

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | //

## PROOF OF SERVICE

I am employed by the law firm of Malcolm ♦ Cisneros in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2112 Business Center Drive, Second Floor, Irvine, California 92612.

On August 22, 2008, I caused to be served the document entitled:

**NOTICE OF SUBSTITUTION OF MOVANT ON INDYMAC BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY**

on the following interested parties:

### SEE ATTACHED SERVICE LIST

☒     ~~(By Mail)  I caused each envelope, with postage prepaid, to be placed in the United States mail at~~ Irvine, California.

☐     (By Hand) I caused each envelope to be delivered by hand.

☐     (By Overnight Courier) I caused each envelope, with postage prepaid, to be sent by Federal Express/ Express Mail.

☐     (By Facsimile Transmission)  I caused each document to be sent by automatic facsimile transmission to the following telephone numbers and confirmed by voice communication that the transmission was received:

☒     (By Electronic Transmittal) Service <u>via</u> electronic transmission pursuant to the Public Notice re: Consent to Electronic Notice and Service of Documents:

   **OFFICE OF THE UNITED STATES TRUSTEE**

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction service was made and that the foregoing is true and correct and that this declaration was executed on the date indicated below at Irvine, California.

DATED: August 22, 2008

_____
ERICA F. PEDRAZA

-49-

12



FILED & ENTERED

FOR COURT USE ONLY

SEP 08 2008

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY egarcia   DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

| In re: Kang Jin Hwang, | CHAPTER: 7 |
|---|---|
| | CASE NO.: LA-08-15337SB |
| Debtor(s). | DATE: September 23, 2008 |
| | TIME: 9:30 AM |
| Sam S. Leslie, | |
| Trustee. | CTRM: 1575 |
| | FLOOR: 15th |

## ORDER FOR APPEARANCE OF DECLARANTS TO TESTIFY
### (MOVANT: IndyMac Bank)

Pursuant to Local Rule 9013-1(a)(13)(A), the parties to the pending relief from stay motion in this case are ordered to bring to court each declarant for whom a declaration has been submitted, for the purpose of presenting testimony to support the declaration.

### 

DATED: September 8, 2008

United States Bankruptcy Judge

## NOTICE OF ENTRY OF JUDGMENT OR ORDER
## AND CERTIFICATE OF MAILING

**TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:**

You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1, that an ORDER FOR APPEARANCE OF DECLARANTS TO TESTIFY was entered on *(specify date)*:

September 8, 2008

Dated: September 8, 2008

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

By: Elaine L. Garcia
_____
*Deputy Clerk*

- 51 -

## SERVICE LIST

Kang Jin Hwang
1635 4th Street
Los Angeles, California 90019

Robert K. Lee, Esq.
3435 Wilshire Boulevard
Suite 2741
Los Angeles, California 90010

William G. Malcolm, Esq.
Malcolm Cisneros, A Law Corporation
2112 Business Center Drive
2nd Floor
Irvine, California 92612

Sam S. Leslie, Trustee
6310 San Vicente Boulevard
Suite 320
Los Angeles, California 90048

U.S. Trustee
Department of Justice
725 South Figueroa Street
26th Floor
Los Angeles, California 90017

13





# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

In re:                                          )   Case No.: LA08-15337SB
                                                )
**KANG JIN HWANG,**                             )   Chapter 7
                                                )
                          Debtor.               )
                                                )   **OPINION DENYING LIFT STAY**
                                                )   **FOR FAILURE TO JOIN REAL PARTY**
                                                )   **IN INTEREST**
                                                )
                                                )
                                                )   Date:  August 26, 2008
                                                )   Time:  9:30 a.m.
                                                )   Ctrm:  1575
                                                )

### I. INTRODUCTION

IndyMac Federal Bank ("IndyMac Federal") brings this motion for relief from the automatic stay as the loan servicer for creditor Freddie Mac, and with respect to real property belonging to debtor Kang Jin Hwang. IndyMac Federal, is the successor to IndyMac Bank F.S.E. ("IndyMac") formerly the holder of the note, has sold the note to Freddie Mac, but continues to service the loan for Freddie Mac – or whomever else invests in the note. Freddie Mac has not joined and is not a party to this motion.

IndyMac now argues that as servicer on the loan, it is a party in interest with standing to seek relief under § 362(d) of the Bankruptcy Code.

Although IndyMac may be a "party in interest" as contemplated by § 362(d) of the Bankruptcy Code, the court holds that IndyMac is not the *real* party in interest pursuant to Rule 17 of the Federal Rules of Civil Procedure, in that it lacks the legal right to enforce the obligation secured by this mortgage. The motion cannot be granted, therefore, on procedural grounds. Pursuant to Fed. R. Civ. P. 17(a)(3), the hearing on this motion is continued

1

until August 26, 2008, to allow the real party in interest either to join in, ratify, or substitute into the motion. This opinion explains the reasons for not granting relief at this time, as well as the procedure required for loan servicers such as IndyMac to successfully move for relief from the automatic stay.

## II. RELEVANT FACTS

Kang Jin Hwang filed this chapter 7 case on April 22, 2008. Hwang's residence in Las Vegas, Nevada is encumbered by a first deed of trust, recorded on February 1, 2007, supporting a promissory note in the amount of $376,000. The lender on the deed of trust is identical to the payee on the promissory note, identified on both instruments as "Mortgageit, Inc." This note has since been endorsed over to IndyMac Bank, F.S.E., which has now been taken over by the Federal Insurance Depository Corporation and operates under the name IndyMac Federal. The deed of trust names MERS as "the beneficiary under this Security Instrument" and "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."[1] An Assignment of Deed of Trust dated January 29, 2008 is included with the motion, which indicates that MERS assigned and transferred to IndyMac all beneficial interest under the Deed of Trust.

---

[1] MERS, Inc. is an entity whose sole purpose is to act as mortgagee of record for mortgage loans that are registered on the MERS System. This system is a national electronic registry of mortgage loans, itself owned and operated by MERS, Inc.'s parent company, MERSCORP, Inc.

## III. DISCUSSION

Pursuant to Local Rule 9013-1(a)(13)(A), the court issued an order requiring that IndyMac bring to court each declarant for whom a declaration had been submitted in support of its motion, for the purpose of presenting testimony to support the declaration. A similar order has been issued by this court in other motions for relief from the automatic stay since the beginning of this year because this court has taken notice of recent cases and academic studies that reveal the inaccuracy of payment records in the mortgage industry.[2]

In addition, since January of this year – and for reasons entirely distinct from this court's concern over the accuracy of payment records – this court has required moving parties on relief from stay motions based on a promissory note to bring to court for inspection the original promissory note.[3] This requirement applies because developments in the secondary market for mortgages (and other security interests) have caused the court to lack confidence that presenting a copy of a promissory note is sufficient to show that a movant has the right to enforce the note, or that it otherwise qualifies as a real party in interest (as required by Rules 7017 and 9014).

The court held a hearing on this motion on July 15, 2008, in order for IndyMac to present the original note and present the testimony of Erica A.

---

[2] See Katherin M. Porter, *Misbehavior and Mistake in Bankruptcy Mortgage Claims*, (November 6, 2007), University of Iowa College of Law Legal Studies Research Paper Series Available at SSRN: http://ssrn.com/abstract-102796.

[3] Production of the note is excused only under circumstances such as those provided in Evidence Code Rule 1004 or Cal. Comm. Code § 3301 (as shown by competent evidence).

2

Johnson-Sect, a Vice President of IndyMac. While the court was satisfied with the declarant's testimony on the accuracy of the payment records, her passing mention of the note's "investors" led the court to inquire as to whether IndyMac had ever sold the note to a third party. It was in response to the court's question that Ms. Johnson-Sect admitted IndyMac no longer owned the note, but had sold it to Freddie Mac. Ms Johnson-Sect, evidently unaware that "owner" and "holder" are effectively synonymous, maintained that IndyMac is still the holder of the note, although Freddie Mac now owns it. Freddie Mac has not joined and is not a party to this motion.

## A. The Real Party in Interest Requirement

A motion for relief from the automatic stay, must satisfy both substantive and procedural requirements. The substantive requirements are provided by § 362(d). The procedural requirements, on the other hand, are imposed by the United States Constitution and the Federal Rules of Bankruptcy Procedure (which mostly incorporate the Federal Rules of Civil Procedure).

In the context of relief from the automatic stay, these two sets of requirements are often confused because of the similarity in language between § 362(d) and Rule 17 of the Federal Rules of Civil Procedure. Section 362(d) provides that relief from stay shall be granted "[O]n request of a party in interest." § 362(d). This is a substantive requirement, and it is relatively broad: many parties are parties in interest for the purposes of § 362(d).

But a party that seeks relief from stay must also be "the real party in interest." The real party in interest

requirement is imposed by Fed. R. Civ. P. 17(a)(1).[4]

The route to the real party in interest rule for relief from stay motions is complex. Rule 4001 provides: "A motion for relief from an automatic stay . . . shall be made in accordance with Rule 9014," which provides procedural rules for contested matters.

Rule 9014 provides, in turn that many of the rules for adversary proceedings apply (with exceptions not relevant here) to contested matters. Among the adversary proceedings rules incorporated by reference in Rule 9014 is Rule 7017, which provides: "Rule 17 F.R.Civ.P. applies in adversary proceedings . . . ." We thereby arrive at Rule 17, the first sentence of which states: "Every action shall be prosecuted in the name of the real party in interest."

Under Ninth Circuit law, the real party in interest is the party with the right to sue or enforce a claim under the applicable substantive law. *See, e.g., U-Haul Int'l, Inc. v. Jartran*, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986); *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1094 (9th Cir. 2004); *American Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir. 1981).

The term "real party in interest" is easy to confuse with the term "party in interest." "Party in interest" is a very broad concept in bankruptcy. It includes the debtor, creditors, employees, officers of a corporation, professionals active in the case, and many others. In general, a party in interest, in the bankruptcy context,

---

[4] Fed. R. Civ. P. 17 applies in all adversary proceedings pursuant to Fed. R. Bankr. P. 7017. Fed. R. Bankr. P. 7017, in turn, applies in all contested matters pursuant to Fed. R. Bankr. P. 9014. A motion for relief from stay is a contested matter, and therefore, must be brought by a real party in interest pursuant to Fed. R. Civ. P. 17(a)(1).

3