O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7871 PSG<br>BK: LA08-15337-SB | Date | July 21, 2010 |
|---|---|---|---|
| Title | In re Kang Jin Hwang | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

Not Present                                                Not Present

**Proceedings:**    (In Chambers) Order Reversing Bankruptcy Court's Denial of Motion for Relief from Automatic Stay and Remanding for Further Proceedings

    Before the Court is Appellant FDIC's appeal from a decision by the United States Bankruptcy Court denying a motion for relief from automatic stay. The Court finds the matter appropriate for decision without oral argument. *See* Fed. Bank. R. Proc. 8012. Having considered the papers submitted in support of the appeal, the Court reverses the Bankruptcy Court's denial of the motion for relief from automatic stay and remands the matter for further proceedings.

I.    Background

    On January 25, 2007, Debtor Kang Jin Hwang ("Hwang") executed an Adjustable Rate Note ("Note") payable to Mortgageit, Inc. ("Mortgageit") for $376,000. *See* Appellant FDIC's Appendix and Excerpts of Record ("Appendix"), Ex. 3 at 20-16.[1] Mortgageit, in turn, indorsed the Note to IndyMac Bank, F.S.B. ("IndyMac Bank"). *See id.* at 20-19. The Note was secured by a Deed of Trust that encumbered real property located at 501 Delamere Way, Las Vegas, Nevada 89123 (the "Property"). *See id.* at 20-3. On January 28, 2008, the Deed of Trust's beneficiary assigned the Deed ("TOGETHER with the note or notes therein described and secured thereby") to IndyMac Bank. *See id.* at 20-22, 20-23.

---

    [1] All references to exhibits are to those in Appellant's Appendix.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7871 PSG
BK: LA08-15337-SB | Date | July 21, 2010 |
|---|---|---|---|
| Title | In re Kang Jin Hwang | | |

On June 25, 2007, Hwang made his last payment on the Note before defaulting. *See id.* at 17. A Notice of Default was recorded on December 5, 2007, and a Notice of Sale on March 6, 2008. *See id.*

On April 22, 2008, Hwang filed the petition that initiated this Chapter 7 bankruptcy case, which automatically stayed the foreclosure sale of the Property. *See* Exs. 1, 2. On May 23, 2008, IndyMac Bank filed the present motion for relief from stay ("Motion") to proceed against the Property. *See* Ex. 3. Neither Hwang nor the Chapter 7 Trustee opposed the motion, *see* Ex. 1, appeared at any of the hearings, *see* Exs. 22-24, or disputed IndyMac Bank's claim, *see* Ex. 3 at 20-25, 20-26.

On July 11, 2008, while IndyMac Bank's Motion was pending, the Office of Thrift Supervision closed IndyMac Bank and appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for the bank. *See* Ex. 9 at ¶ 2. On the same date, a new institution, IndyMac Federal Bank, F.S.B. ("IndyMac Federal"), was chartered, and all the insured deposits and substantially all of the assets of the FDIC receivership were transferred to IndyMac Federal. *Id.* IndyMac Federal was then placed into conservatorship, with the FDIC appointed as conservator. *Id.* As a result of these developments, the FDIC as conservator for IndyMac Federal substituted into this Motion. *See* Ex. 7.[2]

On July 15, 2008, the bankruptcy court held a hearing on the Motion. *See* Ex. 22. At the hearing, IndyMac presented testimony that it physically possessed the Note, that the deed of trust had been assigned to it, that the assignment had been recorded, that IndyMac remained the noteholder even though it had sold the loan to the Federal Home Loan Mortgage Corporation ("Freddie Mac") and serviced the loan on Freddie Mac's behalf. *See id.* at Transcript 13:6-15:13. Nevertheless, the bankruptcy court appears to have doubted, at least for the time being, that IndyMac was in fact the noteholder. *See* Ex. 13 at 55, 62. And since, according to the court, the noteholder was required to join the Motion as the real party in interest under Fed. R. Civ. P. 17 ("Rule 17"), the court continued the hearing to August 26, 2008 to provide IndyMac

---

[2] Because there is no material difference between IndyMac Bank, IndyMac Federal, and the FDIC as conservator for IndyMac Federal for purposes of this appeal, the Court will, from this point, refer to all three entities collectively and interchangeably as "IndyMac."

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-7871 PSG<br>BK: LA08-15337-SB | Date | July 21, 2010 |
|---|---|---|---|
| Title | In re Kang Jin Hwang | | |

"a reasonable time for the real party in interest to ratify, join, or be substituted into the motion." *See id.* at 62.

On October 29, 2008, having held another hearing on the Motion and considered further briefing, the bankruptcy court issued its Amended Opinion Denying Relief from Automatic Stay. *See* Ex. 18 (*In re Hwang,* 396 B.R. 757 (Bankr. C.D. Cal. 2008)). The court explained that it was denying IndyMac's Motion on two procedural grounds. *See id.* First, the court held that, even though IndyMac was the Note's holder, IndyMac was not the real party in interest under Rule 17. *See id.* Second, the court held that the Note's present owner, whose identity the court was unable to determine, was required to be joined under Fed. R. Civ. P. 19 ("Rule 19"). *See id.* On November 5, 2008, the bankruptcy court entered its Order denying the Motion, *see* Ex. 19, and on November 14, 2008, IndyMac filed its Notice of Appeal to this Court, *see* Ex. 20.

II.   Jurisdiction and Legal Standard

This Court has jurisdiction to hear IndyMac's appeal under 28 U.S.C. § 158(a)(1) because the denial of relief from an automatic stay is a final order of the bankruptcy court. *See In re Conejo Enters.,* 96 F.3d 346, 351 (9th Cir. 1996). Accordingly, the Court may affirm, reverse, or modify the bankruptcy judge's order, or remand the case with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

When reviewing a decision of the bankruptcy court, the "district court functions as an appellate court and applies the same standard of review generally applied in federal appellate courts." *See In re Webb,* 954 F.2d 1102, 1103-04 (5th Cir. 1992). The district court must therefore accept the bankruptcy court's findings of fact unless clearly erroneous and examine *de novo* the court's conclusions of law. *See Lundell v. Anchor Constr. Specialists, Inc.,* 223 F.3d 1035, 1039 (9th Cir. 2000).

An order granting or denying relief from an automatic stay is generally reviewed for abuse of discretion. *See In re Conejo Enters.,* 96 F.3d at 351. A bankruptcy court abuses its discretion when its decision is "based on an erroneous conclusion of law or when the record contains no evidence on which [the court] rationally could have based that decision." *See id.* (internal quotations omitted).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7871 PSG<br>BK: LA08-15337-SB | Date | July 21, 2010 |
|---|---|---|---|
| Title | In re Kang Jin Hwang | | |

A lower court's decision regarding joinder under Rule 19 is also reviewed for abuse of discretion. *See Kescoli v. Babbitt,* 101 F.3d 1304, 1309 (9th Cir. 1996). If, however, the lower court's decision that an absent party's interest would be impaired involves a legal determination, the reviewing court reviews that determination *de novo*. *See id.*

III.  Discussion

On this appeal, IndyMac challenges the bankruptcy court's determination that IndyMac is not the real party in interest under Rule 17 and its determination that the owner of the Note is required to be joined in the Motion under Rule 19.

    A.  Whether IndyMac Is the Real Party in Interest

Rule 17 provides, in relevant part, that "[a]n action must be prosecuted in the name of the real party in interest." *See* Fed. R. Civ. P. 17(a)(1).[3] The real party in interest under Rule 17 is the party with the right to enforce a claim under the applicable substantive law. *See U-Haul Intern., Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986) ("[Rule 17] allows a federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action."); *Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.*, 485 F.2d 78, 83 (4th Cir. 1973) ("The meaning and object of the real party in interest principle embodied in Rule 17 is that the action must be brought by a person who possesses the right to enforce the claim and who has a significant interest in the litigation. Whether a plaintiff is entitled to enforce the asserted right is determined according to the substantive law.").

Under California law, the holder of a note has the right to enforce the note, regardless of whether the holder is the owner of the note or is in wrongful possession of the note. *See* Cal. Com. Code § 3301. The bankruptcy court found (and the evidence confirms) that IndyMac is the holder of the Note. *See In Re Hwang*, 396 B.R. at 760.[4] Thus, under California law,

---

[3] IndyMac does not challenge the bankruptcy court's determination that Rule 17 and Rule 19, which by their terms apply to an "action," apply to IndyMac's Motion.

[4] Under California law, a person qualifies as the holder of a note if the note is in the person's possession and is payable to the person. *See* Cal. Com. Code § 1201(21).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7871 PSG<br>BK: LA08-15337-SB | Date | July 21, 2010 |
|---|---|---|---|
| Title | In re Kang Jin Hwang | | |

IndyMac has the right to enforce the Note, a fact the bankruptcy court expressly recognized. *See id.* It would seem relatively straightforward, then, that IndyMac, as the party with the right to enforce a claim on the note, is the real party in interest on this Motion.

The bankruptcy court, however, concluded that the situation here was complicated by the fact that Freddie Mac (or some unknown party who may have purchased the Note from Freddie Mac) "likely" securitized the Note, that is, likely placed it in a trust with other notes in order to sell shares of interest in the trust to investors. *See In re Hwang*, 396 B.R. at 764. According to the bankruptcy court, "[i]f a loan is securitized, the real party in interest is the trustee of the securitization trust . . . ." *Id.* at 766 (citing *LaSalle Bank N.A. v. Nomura Asset Capital Corp.*, 180 F. Supp. 2d 465, 469-71 (S.D.N.Y. 2001); *LaSalle Bank N.A. v. Lehman Bros. Holdings, Inc.*, 237 F. Supp. 2d 618, 631-34 (D. Md. 2002)). Because no such trustee was joined in IndyMac's Motion, the court denied the Motion for failure to join the real party in interest.

The record, however, simply does not support the bankruptcy court's supposition that the Note was likely securitized. There was no testimony or documentary evidence to that effect before the court. Instead, the court supported its surmise by citing to an Internet publication that supposedly indicated that some 85% of home mortgages originating in 2006 and 2007 were securitized. *See In re Hwang*, 396 B.R. at 761 n.3. But this publication was not in evidence. Nor did the court take judicial notice of the information in the publication. Nor does that information appear to be the sort of which a court may take judicial notice. *See* Fed. R. Evid. 201. Because the record does not support the bankruptcy court's determination that the Note was likely securitized, this Court concludes that the bankruptcy court abused its discretion in concluding that IndyMac failed to join the real party in interest. As set forth above, the record indicates that IndyMac is the real party in interest on this Motion. The Court therefore reverses the decision of the bankruptcy court with respect to this first point.

  B. <u>Whether Rule 19 Requires Joinder of the Note's Owner</u>

Rule 19 "provides a three-step process for determining whether the court should dismiss an action for failure to join a purportedly indispensable party." *United States v. Bowen*, 172 F.3d 682, 688 (9th Cir. 1999). First, the Court must determine whether the third party is one traditionally denominated as "necessary." *See id.*; Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL 7:55 (The Rutter Group 2010) (noting that

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-7871 PSG<br>BK: LA08-15337-SB | Date | July 21, 2010 |
|---|---|---|---|
| Title | In re Kang Jin Hwang | | |

while Rule 19 no longer uses the terms "necessary" or "indispensable," courts continue to use those labels as terms of art in the Rule 19 analysis); *Cachil Dehe Band of Wintun Indians v. California,* 547 F.3d 962, 969 n. 6 (9th Cir. 2008) (noting same).  A party is "necessary" and must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*See* Fed. R. Civ. P. 19(a)(1); *see also Bowen,* 172 F.3d at 688.  If the third party satisfies the above criteria, the Court must then determine whether joinder is "feasible."  *See* Fed. R. Civ. P. 19(b); *Bowen,* 172 F.3d at 688.  If joinder is not feasible, the Court "must decide whether the absent party is 'indispensable,' i.e., whether in 'equity and good conscience' the action can continue without the party."  *See Bowen,* 172 F.3d at 688 (citing Fed. R. Civ. P. 19(b)).

Here, the bankruptcy court held that the Note's owner is a necessary party under Rule 19(a)(1)(B)(i)—i.e., that the Note's owner is a person who "claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest."  *See* Fed. R. Civ. P. 19(a)(1)(B).  Specifically, the court stated:

> Proceeding with relief from stay without the joinder of the owner of the note makes it impossible (and impractical) to protect the interest of the real owner with respect to the note here at issue.  Indeed, the protection of its interest is particularly problematic, given that the FDIC has taken over IndyMac, and the real owner may be reduced to making a claim in the IndyMac receivership instead of collecting on the note.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7871 PSG<br>BK: LA08-15337-SB | Date | July 21, 2010 |
|---|---|---|---|
| Title | In re Kang Jin Hwang | | |

*In re Hwang*, 396 B.R. at 771. The court went on to speculate that IndyMac had not joined the Note's owner, despite being given an opportunity to do so, because IndyMac likely did not know who the owner was. *See id.* at 772.

As the language of Rule 19 indicates, however, to qualify as a necessary party under Rule 19(a)(1)(B)(i), the impairment of the party's ability to protect its interest must be *caused by* the party's absence from the litigation. *See* Fed. R. Civ. P. 19(a)(1)(B); *Mastercard In'l, Inc. v. Visa Int'l Serv. Ass'n,* 471 F.3d 377, 387 (2d Cir. 2006). As the Second Circuit has explained,

> It is not enough under [Rule 19(a)(1)(B)(i)] for a third party to have an interest, even a very strong interest, in the litigation. Nor is it enough for a third party to be adversely affected by the outcome of the litigation. Rather, necessary parties under [Rule 19(a)(1)(B)(i)] are only those parties whose ability to protect their interests would be impaired *because of* that party's absence from the litigation.

*Mastercard,* 471 F.3d at 387 (discussing Fed. R. Civ. P. 19(a)(2)(i), the previous and materially identical version of Rule 19(a)(1)(B)(i)) (emphasis in original).[5]

Here, as observed above and by the bankruptcy court, only IndyMac, as the noteholder, has the right to enforce the Note; neither Freddie Mac nor any subsequent owner of the Note has that right.[6] Thus, the difficulties perceived by the bankruptcy court in protecting the Note

---

[5] The Second Circuit continued:
> Thus, while Visa may have an interest that would be impaired by the outcome of this litigation, Visa still does not qualify as a necessary party under Rule 19(a)(2)(i) because the harm Visa may suffer is not *caused by* Visa's absence from this litigation. Any such harm would result from FIFA's alleged conduct in awarding Visa sponsorship rights it could not legally give.

*Mastercard,* 471 F.3d 377 at 387 (emphasis in original).

[6] *See In re Hwang,* 396 B.R. at 765 ("[N]o successor to IndyMac presently has the right to enforce the note, because IndyMac has possession of the note."), 764 ("IndyMac remains the holder of the note and is entitled to enforce it . . . : the right to enforce the note has not yet passed to Freddie Mac or its successor owner of the note.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7871 PSG<br>BK: LA08-15337-SB | Date | July 21, 2010 |
|---|---|---|---|
| Title | In re Kang Jin Hwang | | |

owner's interests on this Motion (effectively, a motion for leave to enforce the Note) do not result from the owner's absence from the Motion, but from the owner's not having the right under California law to enforce the Note.  In fact, that the owner may be "reduced to making a claim in the IndyMac receivership instead of collecting on the [N]ote," as the bankruptcy court suggested, would appear to be true *regardless* of whether the owner joined in IndyMac's Motion, since the owner does not itself have the right to enforce the Note.[7]

The record supports the bankruptcy court's implicit determination that the Note's owner does not otherwise qualify as a necessary party under Rule 19.  *See In re Hwang,* 396 B.R. at 771.  But because the bankruptcy court failed to recognize that, to qualify as a necessary party under Rule 19(a)(1)(B)(i), the impairment of the party's ability to protect its interest must be caused by that party's absence from the litigation, this Court finds that the bankruptcy court abused its discretion in concluding that Rule 19 requires the Note's owner to join IndyMac's Motion.  The Court therefore reverses the bankruptcy court on this point.

IV.     Conclusion

For the foregoing reasons, the Court REVERSES the bankruptcy court's determination that IndyMac is not the real party in interest under Rule 17 and its determination that Rule 19 requires the owner of the Note to join the Motion.  The Court REMANDS the matter to the bankruptcy court for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

---

[7]Indeed, the bankruptcy court itself articulated the principle that the noteholder is the all-important party on a motion for relief from automatic stay when it stated that
> if a loan servicer wishes to seek relief from the automatic stay, either as agent or nominee of the noteholder, the servicer may do so only if the noteholder either joins or ratifies the motion.  Absent joinder or ratification, the noteholder must substitute into the servicer's place, and prosecute the motion on its own. . . . If the servicer has mistakenly failed to seek relief in the noteholder's name, the court must allow a reasonable time for the noteholder to join or substitute into the action.

*In re Hwang*, 396 B.R. at 772.  This language appears at odds with the court's conclusion that the noteholder here—i.e., IndyMac—was required to have another party join or ratify its Motion.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7871 PSG<br>BK: LA08-15337-SB | Date | July 21, 2010 |
|---|---|---|---|
| Title | In re Kang Jin Hwang | | |

# NOTICE PARTY SERVICE LIST

**Case No.** _____   **Case Title** _____

**Title of Document** _____

| | | | |
|---|---|---|---|
| ☐ | ADR | ☐ | US Attorneys Office - Civil Division -L.A. |
| ☐ | BAP (Bankruptcy Appellate Panel) | ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | Beck, Michael J (Clerk, MDL Panel) | ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | BOP (Bureau of Prisons) | ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | CA St Pub Defender (Calif. State PD) | ☐ | US Bankruptcy Court |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) | ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | Catterson, Cathy (9th Circuit Court of Appeal) | ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | Chief Deputy Admin | ☐ | US Probation Office (USPO) |
| ☐ | Chief Deputy Ops | ☐ | US Trustee's Office |
| ☐ | Clerk of Court | ☐ | Warden, San Quentin State Prison, CA |
| ☐ | Death Penalty H/C (Law Clerks) | | |
| ☐ | Dep In Chg E Div | | |
| ☐ | Dep In Chg So Div | | |
| ☐ | Federal Public Defender | | |
| ☐ | Fiscal Section | | |
| ☐ | Intake Section, Criminal LA | | |
| ☐ | Intake Section, Criminal SA | | |
| ☐ | Intake Supervisor, Civil | | |
| ☐ | PIA Clerk - Los Angeles (PIALA) | | |
| ☐ | PIA Clerk - Riverside (PIAED) | | |
| ☐ | PIA Clerk - Santa Ana (PIASA) | | |
| ☐ | PSA - Los Angeles (PSALA) | | |
| ☐ | PSA - Riverside (PSAED) | | |
| ☐ | PSA - Santa Ana (PSASA) | | |
| ☐ | Schnack, Randall (CJA Supervising Attorney) | | |
| ☐ | Statistics Clerk | | |

☐ ***ADD NEW NOTICE PARTY***
**(if sending by fax, mailing address must also be provided)**

Name: _____

Firm: _____

Address (*include suite or floor*): _____

_____

_____

*E-mail: _____

*Fax No.: _____

\* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

_____

_____

_____

_____

**Initials of Deputy Clerk** _____

G-75   (07/08)                    **NOTICE PARTY SERVICE LIST**